IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXINE WRIGHT<br><br>                Plaintiff,<br><br>   v.<br><br>VERIZON COMMUNICATIONS INC.<br><br>                Defendant. | Civil Action No. 1:06-cv-01819-HHK |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT**

Defendant Verizon Communications Inc. ("Verizon") moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) to dismiss the Complaint in its entirety or, in the alternative, to direct Plaintiff to provide a more definite statement of her claims.

In support of this Motion, Defendant submits the attached Statement of Points and Authorities and a proposed order.

Dated: October 30, 2006

                                        Respectfully submitted,

                                                /s/     Reenah L. Kim
                                        Jeffrey G. Huvelle
                                        DC Bar No. 227769
                                        Reenah L. Kim
                                        DC Bar No. 478611
                                        COVINGTON & BURLING LLP
                                        1201 Pennsylvania Avenue, N.W.
                                        Washington, D.C.  20004
                                        Telephone: (202) 662-6000
                                        Fax: (202) 662-6291

                                        *Counsel for Defendant Verizon*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement" was served on this date via first-class mail, postage prepaid to the following:

>Maxine Wright
>5721 Magnolia Lane
>Falls Church, VA 22041
>
>*Plaintiff*

SO CERTIFIED, this 30th day of October 2006


             /s/      Reenah L. Kim            
Reenah L. Kim

DC: 2329611-2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXINE WRIGHT<br><br>                Plaintiff,<br><br>  v.<br><br>VERIZON COMMUNICATIONS INC.<br><br>                Defendant. | Civil Action No. 1:06-cv-01819-HHK |

**DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff Maxine Wright initiated this lawsuit against Defendant Verizon Communications Inc. ("Verizon") by filing a complaint which consists of a single, conclusory sentence. This one sentence fails to articulate a viable legal theory or allege specific facts to support a claim for relief. Accordingly, the Court should dismiss the Complaint for failure to state a claim. In the alternative, the Court should direct Plaintiff to provide a more definite statement of the nature of her claims against Verizon, the laws under which she is seeking relief, and the facts that she believes will support her claims.

On September 25, 2006, Plaintiff filed a complaint in the Superior Court of the District of Columbia ("Complaint"). Verizon filed a notice of removal in this Court on October 23, 2006, based on diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

## ARGUMENT

A "*pro se* complaint, like any other, must state a claim upon which relief can be granted by the court." *McCreary v. Heath*, Civil Action No. 04-0623 (PLF), 2005 U.S. Dist. LEXIS 34082, at *10-*11 (D.D.C. Sept. 26, 2005).

Here, Plaintiff's complaint is bereft of **any** factual allegations that would support a claim for relief. The Complaint consists of a single sentence as follows:

> "Verizon is withholding my disability payment [sic] also Verizon is withholding my disability pension"

Plaintiff also includes a demand for judgment against Verizon in the amount of $8.5 million, but fails to articulate any basis for this demand.

The allegations are insufficient to state a claim upon which relief can be granted. The Court should therefore dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).

Alternatively, the Court should order Plaintiff to provide a more definite statement of her claims. Federal Rule of Civil Procedure 12(e) provides that if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. That said, "[e]ven a *pro se* litigant, however, must comply with the Federal Rules of Civil Procedure." *Clariett v. Rice*, Civil Action No. 04-2250 (RJL), 2005 U.S. Dist. LEXIS 42884, at *14 (D.D.C. Oct. 18, 2005). Federal Rule of Civil Procedure 8(a) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As courts in this jurisdiction have observed, "[t]he purpose of the minimum requirement of Rule 8 is to give fair notice to defendants of the claims being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies." *Clariett*, 2005 U.S. Dist. LEXIS 42884, at *14.

Here, the Complaint fails to provide Verizon with fair notice of the claims against it in a manner that would enable Verizon to prepare its defense. The gravamen of Plaintiff's complaint is an alleged denial of disability payments and/or disability pension. A notice of dismissal and right to sue that the Equal Employment Opportunity Commission ("EEOC") issued to Plaintiff is attached to the Complaint. The issuance of this notice suggests that Plaintiff may be alleging claims under Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act,

but the Complaint offers no indication of the nature of such claims, if any. It is unclear, for example, whether Plaintiff is alleging discrimination under Title VII or the Americans with Disabilities Act.

If the Court permits Plaintiff to pursue claims against Verizon, she should be compelled to file an amended complaint that articulates in more detail the precise nature of her claims against Verizon, cites the statutes under which she is seeking relief, and provides a "short and plain statement" of the facts that she believes will support her claims (including the relevant dates when the alleged acts or omissions by Verizon occurred). *See Unum v. First Unum Life Ins. Co.*, Civil Action No. 04-723 (RMC), 2005 U.S. Dist. LEXIS 6632, at *14 (D.D.C. Jan. 14, 2005) (granting the defendant's Rule 12(e) motion for more definite statement and requiring the plaintiff to file an amended complaint); *Hilska v. Jones*, Civil Action No. 02-1042 (RMU), 2003 U.S. Dist. LEXIS 12831, at *30-*31 (D.D.C. July 11, 2003) (granting defendant's Rule 12(e) motion and directing plaintiff to clarify his claims by specifically answering certain questions).

## CONCLUSION

For the reasons stated above, Verizon respectfully requests that the Court dismiss the Complaint in its entirety for failure to state a claim. In the alternative, Verizon requests the Court to direct Plaintiff to provide a more definite statement of the nature of her claims against Verizon, the laws under which she is seeking relief, and the facts that she believes will support her claims.

Dated: October 30, 2006               Respectfully submitted,

        /s/     Reenah L. Kim
Jeffrey G. Huvelle
DC Bar No. 227769
Reenah L. Kim
DC Bar No. 478611
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Fax: (202) 662-6291

*Counsel for Defendant Verizon*

4

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Defendant's Statement of Points and Authorities in Support of Its Motion to Dismiss or, in the Alternative, Motion for More Definite Statement" was served on this date via first-class mail, postage prepaid to the following:

> Maxine Wright
> 5721 Magnolia Lane
> Falls Church, VA 22041
>
> *Plaintiff*

SO CERTIFIED, this 30th day of October 2006

          /s/     Reenah L. Kim
Reenah L. Kim

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXINE WRIGHT<br><br>      Plaintiff,<br><br> v.<br><br>VERIZON COMMUNICATIONS INC.<br><br>      Defendant. | Civil Action No. 1:06-cv-01819- HHK |

## ORDER

**AND NOW**, the Court having considered Defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement, Defendant's supporting Statement of Points and Authorities, and all opposition and reply memoranda thereto, **IT IS HEREBY ORDERED** that the Complaint is dismissed.

_____     _____
DATE                        THE HONORABLE HENRY H. KENNEDY, JR.