**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAXINE WRIGHT<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>VERIZON COMMUNICATIONS INC.<br><br>　　　　　　　　Defendant. | Civil Action No. 1:06-cv-01819-HHK |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S "MOTION FOR ORDER OF DISABILITY PAYMENTS"**

On October 25, 2006, Plaintiff Maxine Wright filed a pleading that has been identified on the docket as a "Motion for Order of Disability Payments" (docket no. 2).[1] This pleading consists of only two sentences. The first sentence comprises several unsubstantiated allegations concerning Plaintiff's employment at Verizon; the second sentence simply recites Plaintiff's personal opinion as to the merits of her claim ("I value these compounded discriminations and the time taken to finalize this case at 8.5 million [d]ollars."). Apparently in connection with her motion, Plaintiff filed a document that she has characterized as an affidavit, in which she sets forth cursory assertions regarding her claims that are entirely unsupported by any evidence in the record.

Plaintiff's motion utterly fails to establish that Plaintiff is entitled to the relief that she is seeking. Plaintiff's motion should therefore be denied.

---

[1] Although Plaintiff's pleading itself did not actually contain a title, the Clerk of the Court subsequently entered a notation in the electronic case docket on October 27, 2006 stating that Plaintiff had filed a "Motion for Order of Disability Payments."

Furthermore, the Court should deny Plaintiff's motion for failure to comply with the Court's local rules. Plaintiff did not file a statement of points and authorities to support her motion, nor did Plaintiff accompany her motion with a proposed order as required by the Court's rules. *See* LCvR7(a),(c). If her motion is properly characterized as non-dispositive, Plaintiff did not confer with counsel for Defendant Verizon Communications Inc. ("Verizon") concerning her request in advance of filing her motion, as required by local rules, *see* LCvR7(m);[2] if the motion is a potentially dispositive motion for summary judgment, she did not comply with the local rule requiring a statement of undisputed material facts. LCvR7(h).

---

[2] Local Rule 7(m) states as follows:

> Before filing any nondispositive motion in a civil action, counsel **shall** discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. The duty to confer also applies to non-incarcerated parties appearing pro se.

LCvR7(m) (emphasis added).

## CONCLUSION

For the reasons stated above, Verizon respectfully requests that the Court deny Plaintiff's motion.

Dated:  November 8, 2006                    Respectfully submitted,


                                            _____/s/_____Reenah L. Kim_____
                                            Jeffrey G. Huvelle
                                            DC Bar No. 227769
                                            Reenah L. Kim
                                            DC Bar No. 478611
                                            COVINGTON & BURLING LLP
                                            1201 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20004
                                            Telephone: (202) 662-6000
                                            Fax: (202) 662-6291

                                            *Counsel for Defendant Verizon*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing "Defendant's Memorandum in Opposition to Plaintiff's Motion for Order of Disability Payments" was served on this date via first-class mail, postage prepaid to the following:

>Maxine Wright
>5721 Magnolia Lane
>Falls Church, VA 22041
>
>*Plaintiff*

SO CERTIFIED, this 8th day of November 2006

_____/s/_____Reenah L. Kim_____
Reenah L. Kim