**PRAECIPE**

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2006 NOV 15 PM 3:30
NANCY M. MAYER-WHITTINGTON
CLERK

# United States District Court
# for the District of Columbia

the _15th_ day of _November_ 19_2006_

Plaintiff _Maxine Wright_

vs.

Defendant _Verizon Communication inc._

Civil / Criminal Action No. _06-1819-HHK_

The Clerk of said Court will _Supplemental Exhibit to my opposition to the motion to Dismiss. Also I wish to Amend Complaint proceedings under Title 7, ADA, and Section 1981 and allow me to proceed I.F.P. I am unemployed. My disability Rating is over 60%._

_11-15-06_
**Date**

**BAR IDENTIFICATION NO.**

RECEIVED
NOV 15 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_Maxine Wright_
**Signature**

_MAXINE WRIGHT_
**Print Name**

_5721 Magnolia Lane_
**Address**

_Falls Church_  _VA_  _22041_
**City**        **State**  **Zip Code**

_703-820-6526_
**Phone Number**

**CERTIFICATE OF SERVICE**

I will send a copy to: Covington + Burling
1201 Pennsylvania Ave
Wash DC 20004

CHARTERED 1973
& ALLIED SUBSPECIALTIES

| ORTHOPAEDIC SURGERY | RIDA N. AZER, M.D. | PHYSICAL MEDICINE REHABILITATION CENTER |
| ARTHRITIS & JOINT REPLACEMENT CENTER | NIGEL M. AZER, M.D. CHARLES H. EMICH, M.D. RAFIK D. MUAWWAD, M.D. | DANIEL IGNACIO, M.D. BOARD CERTIFIED |
| HAND SURGERY CENTER | HAMPTON J. JACKSON, M.D. PETER S. TRENT, M.D. | CHRISTINA LENCHERT, M.P.T. DIRECTOR, PMRC |
| SPINAL CENTER | CHRISTINA L. CERVIERI, M.D. | |
| ORTHOPAEDIC RADIOLOGY & IMAGING | | |

WASHINGTON DC OFFICE
2112 "F" STREET, N.W.
SUITE 804
WASHINGTON, D.C. 20037
TELEPHONE (202) 331-2080
FAX (202) 331-2380

6144 OXON HILL ROAD
OXON HILL, MD 20745
TELEPHONE (301) 839-1600
FAX (301) 567-2618

831 UNIVERSITY BOULEVARD EAST
SILVER SPRING, MD 20903
TELEPHONE (301) 431-5770
FAX (301) 431-0194

417 N. WASHINGTON STREET
ALEXANDRIA, VA 22314
TELEPHONE (703) 548-6666
FAX (703) 548-4825

ALEXANDRIA OFFICE - 11/16/05

CC#200503021179-001
RE: WRIGHT, MAXINE
VS: Verizon

## ORTHOPAEDIC CONSULTATION REPORT
## FOR CONDITIONS CAUSED BY WORK INJURY OF 03/01/05

The patient returns today. She still has significant neck pain and quite a bit of spasm. We went ahead and did an injection to the paraspinal area on the right into the maximum trigger point and got some partial relief of the spasm and pain. This will only be temporary. She will be fitted with a cervical collar. Again this patient will need chronic care as evidence by the need for the injection today. I might say that she may need an injection once or twice a year possibly. I think we can manage it with conservative measures, and I do not plan or think surgery would be necessary in my experience, but she still has a permanent injury and will have permanent symptoms and hopefully we can control at least partially.

Diagnoses: Cervical disc injury, cervical disc syndrome and radiculopathy as a result of work injury of 03/01/05.

Certainly she has significant pain impairment and I would estimate the actual exact figure that she has to 56% to 57% pain-related impairment in additional to her actual physical impairments. We will consider bringing this patient over 60% to 65% impairment.

Hampton J. Jackson, Jr., M.D.

HJJ/jssQ

## Union Agreements

*Your benefits plans are bargained between the Company and the Unions, the CWA and the IBEW.*

The benefits described in this handbook reflect the provisions of the benefit plans as bargained with the Unions representing the employees of the participating companies, the Communications Workers of America and the International Brotherhood of Electrical Workers.

Copies of the bargaining agreements are distributed or made available to those covered by the agreements. In addition, a copy of the plan document for any plan described in this handbook will be made available to any participant in a plan, and to his or her beneficiary, in response to a written request addressed to the Secretary of the Bell Atlantic Corporate Employees' Benefits Committee, 1310 North Court House Road, Ninth Floor, Arlington, VA 22201. A reasonable duplication charge may be made for copies furnished in response to such written requests.

## Insured Benefits

*A federal agency guarantees some pension benefits.*

Certain benefits provided under the Bell Atlantic Pension Plan are insured by the Pension Benefit Guaranty Corporation (PBGC), should that plan terminate. Premiums for this insurance are paid by the participating companies. Generally, the PBGC guarantees most vested retirement benefits and certain survivors' pensions. However, the PBGC does not guarantee all types of benefits, and the amount of benefit protection it provides carries certain limits.

The PBGC guarantees vested benefits at the level in effect when a plan terminates. However, if benefits have been increased within the five years before the plan terminates, the benefit increase may not be guaranteed. In addition, there's a ceiling on the amount of monthly benefit that the PBGC guarantees, which is adjusted periodically.

The PBGC does not offer insurance for defined contribution plans such as the Bell Atlantic Savings & Security Plan, the Employee Stock Ownership Plan or any of the welfare plans (such as the health, disability, or life insurance plans) that are maintained by the Company.

For more information on PBGC insurance protection and its limits, contact the PBGC, Coverage and Inquiries Branch, 2020 K Street, N.W., Washington, D.C. 20006-1806, or call (202) 778-8800.

## Participant Rights and Benefit Appeals

This section includes information on your rights as a participant according to the federal law known as ERISA, and procedural details on filing claims and appeals under each of the plans if you, your enrolled dependent or your beneficiary are denied benefits.

### Benefit Claims and Appeals Procedures

#### The Role of the Claims and Appeals Administrators

*The administrator is the ultimate decision-maker regarding claims and appeals.*

The administrator for claims and appeals is the person responsible for operating that plan and is called a plan "fiduciary." ERISA imposes duties on fiduciaries to operate their plans prudently and in the interest of you and other plan participants and beneficiaries but in accordance with the terms of the plans and applicable law. Each plan grants its fiduciaries the right, with advice of legal counsel, to:

- Interpret that particular plan based on its provisions and make factual determinations about that plan;

- Determine whether a claimant is eligible for benefits;

- Decide the amount, form and timing of benefits; and

- Resolve any other matter under the plan which is raised by a claimant or a beneficiary, or which is identified by either the claims or appeals administrators.

The claims administrator has sole authority to decide claims under the plan. The appeals administrator has sole authority to review and resolve any appeal of a denied claim. In case of an appeal, the appeals administrator's decision is final and binding on all parties to the full extent permitted under applicable law, unless the claimant or a beneficiary later proves that the appeals administrator's decision was an abuse of discretion.

#### How to File a Claim

*To challenge a denied benefit claim, first file a claim to the claims administrator.*

You, as a participant, and your beneficiary(ies) have the right under ERISA and the benefits plans to file a written claim for benefits.

You should submit your initial claim for benefits and any supporting information in writing to the claims administrator for the appropriate plan, as listed in the chart beginning on page 12.

*Federal law dictates provisions in how claims and appeals are to be administered.*

The appeals administrator will review your appeal of the denied claim and will make a decision within the applicable time limit prescribed by ERISA. If the appeals committee meets on a quarterly basis (as the Bell Atlantic Benefits Appeals Committee did at the time this summary was published), the appeals administrator will generally schedule an appeal to be heard at the next quarterly meeting that is at least 30 days later than the date on which the written appeal is received. If the appeals committee meets more often than quarterly, the appeal will generally be scheduled for review within 60 days of the date received.

If the appeals administrator needs more than the amount of time described in the previous paragraph to assemble the facts and evidence, review the applicable plan documents and make a decision, you'll be notified in writing within the initial time period described in the previous paragraph. You'll also be told why more time is needed. The extension, if needed, will be until the next quarterly meeting (for an appeals committee that meets quarterly) or 60 days more (in the case of an appeals committee that meets more frequently than quarterly).

Normally, the appeals administrator will notify you of the decision in writing. However, if you don't receive a decision or notification within the appropriate time span, you should consider the appeal denied.

The decision regarding your appeal is conclusive and binding. However, as a plan participant, you may have further rights under ERISA, as described in the following section.

### Rights of Participants and Beneficiaries Under ERISA

*ERISA gives participants rights to certain plan documents and information.*

As a participant in the plans described in this handbook, you're entitled to certain rights and protections under the Employee Retirement Income Security Act (ERISA). Specifically, upon reasonable request, you're entitled to:

- Examine, without charge, certain official documents related to your benefits, including plan documents, summary plan descriptions (SPDs), insurance contracts (if applicable), and copies of annual reports filed for the plans with the U.S. Department of Labor. You may examine these documents at the office of the Secretary of the Corporate Employees' Benefits Committee (see chart on page 12), at the office of counsel to that committee, at 1717 Arch St., 32nd Floor, Philadelphia, PA, or at the office of the Secretary of the Bell Atlantic Benefit Claims Committee (see chart).

## nforcement of Your Rights Unde  RISA

*ERISA provides ways to enforce your rights under the plans.*

Under ERISA, you may take the following steps to enforce your rights when certain developments occur:

| If This Happens: | Then You May: |
|---|---|
| You request plan materials and don't receive them within 30 days... | You may file suit in a federal court.* |
| Your benefits appeal is completely or partially denied or ignored . . . | You may file suit in a state or federal court**. |
| A plan fiduciary misuses a plan's money... | You may seek assistance from the U.S. Department of Labor or file suit in a federal court. |
| You're discriminated against for asserting your ERISA rights . . . | You may seek assistance from the U.S. Department of Labor or file suit in a federal court. |

\*   The court may require the plan administrator to provide the materials and pay you up to $100 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator.

\*\*  Under ERISA, you must first follow the claims and appeals procedures under the plan, as described above, before you have the right to file suit in a court to obtain a benefit.

**Court Costs**

If there's a lawsuit pertaining to your rights under ERISA, the court will decide who should pay court costs and legal fees. If you win, the court may order the party you sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees (for example, if it finds your claim is frivolous).

If you have any questions about your benefit plans, contact the plan administrator.

| Plan Name | Plan Number | Plan Type | Official Plan Document | Type of Administration | Trustee | Claims Administrator | Appeals Administrator |
|---|---|---|---|---|---|---|---|
| Bell Atlantic Health Care Reimbursement Account | 539 | Welfare (health) | Plan document | Third-party administrator | Not applicable | McDonough Caperton Benefit Services, Inc., Claims Dept. P.O. Box 2911 Charleston, WV 25331 | McDonough Caperton Benefit Services, Inc. Claims Dept. P.O. Box 2911 Charleston, WV 25331 |
| Bell Atlantic Dependent Care Reimbursement Account | 540 | Welfare (dependent care) | Plan document | Third-party administrator | Not applicable | McDonough Caperton Benefit Services, Inc., Claims Dept. P.O. Box 2911 Charleston, WV 25331 | McDonough Caperton Benefit Services, Inc. Claims Dept. P.O. Box 2911 Charleston, WV 25331 |
| Bell Atlantic Sickness & Accident Disability Plan | 513 | Welfare (disability) | Plan document | Bell Atlantic Corporate Employees' Benefits Committee | Not applicable | Secretary, Bell Atlantic Benefit Claims Committee 13100 Columbia Pike C14 Silver Spring, MD 20904 | Secretary, Bell Atlantic Benefit Appeals Committee 1310 North Court House Rd., 9th Floor Arlington, VA 22201 |
| Bell Atlantic Long-Term Disability Plan (Non-Salaried Employees) | 516 | Welfare (disability) | Plan document | Bell Atlantic Corporate Employees' Benefits Committee | Not applicable | Mutual of Omaha Insurance Co. Mutual of Omaha Plaza Omaha, NE 68175 | Mutual of Omaha Insurance Co. Mutual of Omaha Plaza Omaha, NE 68175 |
| Bell Atlantic Group Life Insurance Program | 508 | Welfare (life insurance and accidental death & dismemberment) | Contract with insurance company | Insurer | Not applicable | Secretary, Bell Atlantic Benefit Claims Committee 13100 Columbia Pike C14 Silver Spring, MD 20904 | Metropolitan Life Insurance Co. S. 61 Paramus Rd. Paramus, NJ 07653-0992 |
| Bell Atlantic Supplementary Group Life Insurance Plan | 533 | Welfare (life insurance) | Contract with insurance company | Insurer | Not applicable | Secretary, Bell Atlantic Benefit Claims Committee 13100 Columbia Pike C14 Silver Spring, MD 20904 | Metropolitan Life Insurance Co. S. 61 Paramus Rd. Paramus, NJ 07653-0992 |
| Bell Atlantic Dependent Group Life Insurance Plan | 509 | Welfare (life insurance) | Contract with insurance company | Insurer | Not applicable | Secretary, Bell Atlantic Benefit Claims Committee 13100 Columbia Pike C14 Silver Spring, MD 20904 | Metropolitan Life Insurance Co. S. 61 Paramus Rd. Paramus, NJ 07653-0992 |

(continued on next page)

You may qualify for a disability pension if you suffer a total disability that entitles you to sickness disability benefits under the Bell Atlantic Sickness and Accident Disability Benefit Plan (SADBP). You must have completed at least 15 years of net credited service when your 52 weeks of benefits expire under the SADBP. A disability pension is calculated in the same way as a service pension, but is subject to a deduction for Workers' Compensation benefits; furthermore, a disability pension will end when your total disability ends or you attain age 65, whichever comes first.

### Eligibility for a Disability Pension

*A disability pension may be payable when your SADBP benefits expire.*

As a BAPP participant, you may be eligible for a disability pension if you suffer a total disability as an active employee that entitles you to sickness disability benefits for an illness or non-job-related accidental injury under the Sickness and Accident Disability Plan (SADBP). You must also:

- Have completed 15 or more years of net credited service;

- Continue to be totally disabled at the time your short-term disability benefits expire (or the expiration of any approved leave of absence, if later).

If you are eligible for a service pension, you will receive an unreduced service pension instead of a disability pension.

If you are receiving accident disability benefits under the SADBP because of an **on-the-job** accident, a disability pension is **not** an option. Accident disability benefits will continue under the SADBP for the entire period of total disability. While you remain completely disabled, you will continue to be credited with net credited service until you elect to retire on a service pension. (Coverage for partially disabled employees is covered in the SADBP benefits summary, behind the "Disability" tab in this Handbook.)

### Amount of the Disability Pension

*Disability pensions are not reduced for "early retirement" but they are reduced by any Workers' Compensation payments.*

Your disability pension is calculated the same way as a service pension (see page 6). However, after that initial calculation, two things change. If you are under age 55 when you become eligible for the disability pension, your pension will **not** be reduced for early retirement. In addition, your monthly disability pension will be reduced by the

monthly amount of any benefits you receive from a Federal or local Workers' Compensation program.

## Options for Receiving Your Disability Pension

*You can receive a disability pension as a single-life annuity or a joint and survivor option.*

As with a service pension, you may choose to receive your disability pension as a single-life annuity or as a joint and survivor (J&S) annuity. If you are married, you must obtain the written, notarized consent of your spouse to elect an option other than the J&S option or to name an annuitant other than your spouse. The consent must indicate that your spouse agrees to the alternate form of payment and the alternate beneficiary and also recognizes that he or she is waiving the right to a J&S annuity option and the pre-retirement survivor annuity described on page 29. Under the J&S option, your monthly benefit will be reduced to provide the continuing benefit for your designated annuitant.

If you select the J&S option and your annuitant dies, or if your beneficiary is your spouse and your spouse becomes divorced from you while you are receiving a disability pension, your pension will be converted to a single-life annuity.

If you're receiving a joint and survivor annuity and you die before your disability pension ends, your annuitant will receive a monthly benefit. That benefit will equal 50% of your reduced disability pension **minus** the amount that the spouse to whom you are married at the time of your death receives under the pre-retirement survivor annuity described on page 29.

### Term of Disability Pension Payments

*A disability pension is paid until you recover from the disability or reach age 65.*

Monthly disability pension payments will be paid until the date you recover from total disability or the date you attain age 65, whichever comes first. If you're still receiving your disability pension at 65, it will be converted to a service pension. If you recover from disability before you're 65 and if you're offered a job and return to work for a Bell Atlantic company, the service you earned before your disability pension began will be added to the service you earn after you're re-employed for purposes of calculating vesting service and net credited service.

# Verizon
**Absence Reporting Cente**

03/23/2005

MAXINE L WRIGHT
5721 Magnolia Lane
Falls Church VA 22041

Re: Absence beginning 03/01/2005

Dear Maxine L Wright

Your absence to care for your self for the period indicated above has been **approved** for Family and Medical Leave Act (FMLA) leave. The period of your approved leave will be counted toward your twelve (12) workweek FMLA allotment, and state allotment, if applicable. This absence will not be subject to the provisions of the established attendance plan and practices in your area, unless it exceeds the duration of your remaining FMLA entitlement.

While this absence has been approved for FMLA leave, you may or may not be entitled to payment under applicable plans, policies, programs, or collective bargaining agreements. For information regarding potential payments, please contact your supervisor.

We strongly recommend that you monitor your remaining FMLA entitlement on an on-going basis. You are responsible for communicating with your Supervisor/Absence Administrator during your absence period.

If you have any questions, please contact the FMLA Administrator at (877) 275-8947, or visit Verizon's Absence Management intranet web site at http://hr.verizon.com/job/0150_manageabsence.shtml

Thank You

FMLA Administrator

cc: Supervisor Notification Table



Renard Flournoy
2055 L st. NW 4th Floor
Washington DC 20036

Dear Mrs. Maxine Wright,

   On July 20, 2005, you were seen by a Dr. Steve Hughes, as part of an Independent Medical Evaluation. I have been informed that the evaluation doctor was unable to justify your disability claim. Once your claim is denied, you are expected to return to work.

You must report to work, Wednesday August 3, 2005 at 8:30 am. This return is to full duty with no restrictions. Failing to comply with this directive may lead to your separation from payroll.

Renard L. Flournoy
Customer Service Partner