**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MAXINE WRIGHT | |
| Plaintiff, | Civil Action No. 1:06-cv-01819-HHK |
| v. | |
| VERIZON COMMUNICATIONS INC. | |
| Defendant. | |

### DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant Verizon Communications Inc. ("Verizon") moves this Court pursuant to

Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint.

In support of this Motion, Defendant submits the attached Statement of Points and

Authorities, accompanying exhibits, and a proposed order.

Dated:  December 21, 2006          Respectfully submitted,


_____/s/_____Reenah L. Kim_____
Jeffrey G. Huvelle
DC Bar No. 227769
Reenah L. Kim
DC Bar No. 478611
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: (202) 662-6000
Fax: (202) 662-6291

*Counsel for Defendant Verizon*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

MAXINE WRIGHT

                Plaintiff,

    v.

VERIZON COMMUNICATIONS INC.

             Defendant.

Civil Action No. 1:06-cv-01819-HHK

## DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT

DC: 2372305-1

Plaintiff Maxine Wright has filed several voluminous, successive pleadings with this Court in her attempt to establish a claim for relief. Notwithstanding the sheer bulk of these submissions, Plaintiff's complaint fails to state a viable cause of action. At the heart of Plaintiff's lawsuit against Defendant Verizon Communications, Inc. ("Verizon") is an alleged denial of "disability pension and benefits" in violation of the Employee Retirement Income Security Act ("ERISA"). The allegations in Plaintiff's complaint, however, do not show that Plaintiff exhausted her administrative remedies pursuant to Verizon's pension and benefits plans as required; nor do these allegations set forth facts sufficient to proceed under any of Plaintiff's other vaguely articulated theories for recovery.

Plaintiff's allegations are insufficient to state a claim upon which relief can be granted. The Court should therefore dismiss the Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiff Maxine Wright is a former employee of Verizon. (Am. Compl. "Statement of Points" at 12.) The Amended Complaint alleges that she entered into a "verbal agreement" with Verizon in settlement of a workers' compensation claim that she had filed arising out of an injury she sustained on the job. (*Id.* at 5.) The gravamen of her lawsuit appears to be that Verizon allegedly denied her "disability pension and benefits." (*Id.* at 17-18.) The Amended Complaint does **not** allege that Plaintiff attempted to resolve this benefits dispute by submitting a claim through Verizon's administrative review claims procedures and exhausting all appeals available under those procedures. (*See generally id.*)

The Verizon Pension Plan for Mid-Atlantic Associates and the Verizon Disability Benefits Plan for Mid-Atlantic Associates (the plans determining Plaintiff's disability pension

and benefits) contain internal claims procedures for participants who contend they are entitled to receive disability pension or disability benefits.  Under those processes, a participant is required to submit her claim for benefits in writing to the Verizon Plan Claims Administrator, explaining why the participant believes she is entitled to benefits, and providing any supporting information in writing to the claims administrator.  (*See* Ex. A, at 55-57, 61-62; Ex. B, at 23-26, 29-30.)[1]  If this claim is partly or completely denied, the participant may then file an appeal with the Verizon Plan Appeals Administrator.  (*Id.*)

Plaintiff, who is proceeding *pro se* in this lawsuit, filed a complaint in the Superior Court of the District of Columbia on September 25, 2006.  Verizon removed the complaint to this Court on October 23, 2006 and filed a motion to dismiss the complaint or, in the alternative, motion for more definite statement.  The Court denied Verizon's motions by order dated December 11, 2006.  In its order, the Court stated that it would treat Plaintiff's written response to Verizon's motions as an amended complaint (docket no. 11 – hereinafter "Amended Complaint").

In her Amended Complaint, Plaintiff appears to be asserting claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C § 1001 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1), *et seq*.  Verizon moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss with prejudice all of Plaintiff's claims.

---

[1]      Exhibit A is a relevant excerpt from the Summary Plan Description for the Verizon Pension Plan for Mid-Atlantic Associates.  Exhibit B is a relevant excerpt from the Summary Plan Description for the Verizon Disability Benefits Plan for Mid-Atlantic Associates.

## LEGAL STANDARD

A "*pro se* complaint, like any other, must state a claim upon which relief can be granted by the court." *McCreary v. Heath*, Civil Action No. 04-0623 (PLF), 2005 U.S. Dist. LEXIS 34082, at *10-*11 (D.D.C. Sept. 26, 2005). A court may grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) if the plaintiff can prove no set of facts consistent with the allegations in the complaint to support claims that would entitle her to relief. *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). When a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate. *E.g., Smith-Haynie v. District of Columbia*, 155 F.3d 575, 577 (D.C. Cir. 1998). The failure to exhaust administrative remedies is a matter that can be addressed in a 12(b)(6) motion. *See Coleman v. Pension Benefit Guaranty Corp.*, 94 F. Supp. 2d 18, 21 n.4 (D.D.C. 2000).

In reviewing a motion to dismiss under Rule 12(b)(6), a court assumes the truth of facts pleaded in the complaint, but does not accept as true conclusory allegations or unwarranted deductions of fact. *See Hurley v. Life Ins. Co. of N. Am.,* Civil Action No. 04-0252 (CKK), 2005 U.S. Dist. LEXIS 43038, at *8 (D.D.C. July 7, 2005) (citing *Kowal v. MCI Comm. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). When considering a 12(b)(6) motion, a court may consider documents referenced in the complaint without converting the motion to a motion for summary judgment if the documents are central to the plaintiff's claim. *See Runkle v. Gonzales*, 391 F. Supp. 2d 210, 216 n.1 (D.D.C. 2005).

## ARGUMENT

### I.    ERISA

Plaintiff claims that "Verizon tried to fire me [s]o I could not receive my [d]isability [p]ension by [d]emanding I return to work or be fired to try to end my employment due to an on

[the] job injury." (Am. Compl. "Statement of Points" at 4.) Plaintiff's complaint fails to state an actionable ERISA claim.[2]

ERISA § 502(a) authorizes suits by benefit plan participants and beneficiaries. A prerequisite to bringing suit on a claim for benefits under ERISA section 502(a)(1)(B) is exhaustion of administrative remedies. *See, e.g.*, *Hall v. Nat'l Railroad Passenger Corp.*, Civil Action No. 03-1764 (GK), 2005 U.S. Dist. LEXIS 35430, at *21 (D.D.C. Aug. 5, 2005). "It is well established that, barring exceptional circumstances, plaintiffs seeking a determination pursuant to ERISA of rights under their pension plans 'must . . . exhaust available administrative remedies under their ERISA-governed plans before they may bring suit in federal court." *Communications Workers of Am. v. AT&T Co.*, 40 F.3d 426, 431 (D.C. Cir. 1994). This exhaustion requirement encourages private resolution of internal employment disputes, and helps to clarify the Plan Administrator's interpretation of the pension plan for purposes of judicial review. *Id.* at 432 ("Indeed, the exhaustion requirement may render subsequent judicial review unnecessary in many ERISA cases because a plan's own remedial procedures will resolve many claims.").

---

[2]    To the extent that Plaintiff is seeking compensatory damages for "pain [and] suffer[ing], mental anguish," and punitive damages pursuant to her ERISA claim (Am. Compl. "Statement of Points" at 18-19), those damages are not available as a matter of law. ERISA does not authorize compensatory or punitive damages. *See Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993) ("[W]e refuse to fashion federal common law that would allow recovery of extracontractual and punitive damages under ERISA section 502(a)(1)(B).").

Similarly, to the extent Plaintiff is pursuing a breach of contract claim to obtain disability pension and benefits under "State Laws" (Am. Compl. "Statement of Points" at 3), ERISA preempts any breach of contract claim relating to an employee benefit plan. *See* 29 U.S.C. § 1144(a); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

In this case, Plaintiff's claim for benefits must be dismissed because she has not

exhausted her administrative remedies.  As explained above, the Verizon Pension Plan for Mid-

Atlantic Associates and the Verizon Disability Benefits Plan for Mid-Atlantic Associates provide

participants with internal administrative review processes through which they can present their

claims for disability pension and benefits.  *See supra* pages 1-2.  Under those processes, a

participant seeking disability pension or disability benefits is required to submit a written claim

to the Plan Claims Administrator, and to appeal that claim to the Plan Appeals Administrator if

the claim is denied.  (*See* Ex. A, at 55-57, 61-62; Ex. B, at 23-26, 29-30.)[3]

Plaintiff alleges that, "before coming to Court, [she] had to notify Metlife, Metlife

Appeals, Metlife Second Appeals," among other parties, and that she has "just about ex[h]austed

all means of getting this settled outside of Court."  (Am. Compl. "Statement of Points" at 13-15.)

Yet, the Amended Complaint does not demonstrate that Plaintiff in fact fully exhausted her

administrative remedies under the relevant Verizon benefits plans.[4]

Plaintiff attached a letter to her complaint dated March 23, 2006 from MetLife Disability,

in which she was informed that the original determination to deny her claim for short term

---

[3]     These processes are set forth in Exhibits A and B.  The court can consider these
documents without converting this motion to a motion for summary judgment because Exhibits
A and B are central to Plaintiff's claim.  *See Runkle v. Gonzales*, 391 F. Supp. 2d 210, 216 n.1
(D.D.C. 2005) (court can consider documents attached to defendant's motion to dismiss if,
among other circumstances, documents are "central to plaintiffs' claim").  Exhibits A and B are
central to Plaintiff's cause of action because they are excerpts from the plan documents that are
the source of her disability pension and benefits claims.  These documents play a critical role in
determining whether Plaintiff is entitled to receive disability pension and benefits, as she
contends.

[4]     Indeed, Plaintiff alleges, "**My case is still pending** under Employment Retirement
Income Security Act verbally deemed denied.  Yet Verizon refuses to give me the denial in
writing [sic] is in violation."  (Am. Compl. "Statement of Points" at 9) (emphasis added).

disability benefits was being upheld upon appeal review.  (Am. Compl. March 23, 2006 letter from MetLife (Anna Marie Monaco) to Maxine Wright at 1.)  This letter to Plaintiff further stated as follows:  "Please be advised that your employer's plan provides for a second, final review of your claim.  If you disagree with this decision and wish to have your claim reconsidered, you may file a voluntary second and final level appeal."  (*Id.* at 3.)  There is no indication that Plaintiff ever exhausted this final level of appeal with respect to her claim for short term disability benefits.  Moreover, the Amended Complaint does not allege that Plaintiff utilized the internal administrative review process for presenting her claim for benefits pursuant to a disability pension plan.

As Plaintiff has not exhausted her administrative remedies, her ERISA claim for benefits should be dismissed.  *See, e.g.*, *Hall v. Nat'l Railroad Passenger Corp.*, Civil Action No. 03-1764 (GK), 2005 U.S. Dist. LEXIS 35430, at *22-*23 (D.D.C. Aug. 5, 2005) (dismissing plaintiffs' ERISA claims for denial of benefits on a Rule 12(b)(6) motion because plaintiffs failed to exhaust their administrative remedies under the plan).  *See also Communications Workers of Am. v. AT&T Co.*, 40 F.3d 426, 433 (D.C. Cir. 1994) (concluding that the district court abused its discretion in excusing the plaintiffs' failure to exhaust their administrative remedies under their pension plan).

## II.    Title VII

Plaintiff alleges that "all white Verizon [e]mployees can have their disabilities, [sic] pension if they are certified disabled [sic] utilize [F]amily Medical Leave, [sic] Accommodations are made for their disabilities and I was told their [sic] is no job in Verizon that can accommodate my disability [sic] my Civil Rights were denied also because I am black."  (Am. Compl. "More Definite Statement of My Claim" at 1-2.)  Plaintiff's complaint fails to state a claim for relief under Title VII.

To establish a prima facie case of disparate treatment under Title VII, the plaintiff must show that (1) she belongs to a protected class of persons; (2) she was similarly situated to an employee who was not a member of the protected class; and (3) **she and the similarly situated person were treated disparately**.  *Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999) (emphasis added).  Here, Plaintiff's disparate treatment claim fails because the allegations in the Amended Complaint do not show that she was treated less favorably than similarly situated employees because of her race.  Namely, she alleges that Caucasian employees at Verizon receive disability pensions "if they are certified disabled."  (Am. Compl. "More Definite Statement of My Claim" at 1-2.)  Yet, there is no allegation in the complaint demonstrating that Plaintiff was in fact "certified disabled" under circumstances similar to those of the Caucasian employees who allegedly receive disability pensions.  Plaintiff attached a letter to her complaint dated January 20, 2006 from MetLife Disability, in which she was informed that the MetLife disability management staff had reviewed Plaintiff's request for disability certification, but were unable to certify her disability beyond the date when Plaintiff returned to work.  (Am. Compl. Jan. 20, 2006 letter from MetLife to Maxine Wright at 1.)  Because the Amended Complaint fails to allege facts sufficient to state a prima facie case of race discrimination, the Court should dismiss Plaintiff's Title VII claim.

### III.    Americans with Disabilities Act

Plaintiff apparently claims that her rights under the Americans with Disabilities Act ("ADA") were violated when Verizon allegedly cancelled her short term disability and long term disability benefits.  (Am. Compl. "Statement of Points" at 9.)  Plaintiff's ADA claim fails as a matter of law because the Amended Complaint does not show that Plaintiff is a "qualified individual with a disability" for purposes of sustaining this cause of action.

The ADA prohibits discrimination against "a qualified individual with a disability," and defines "disability" as follows: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §§ 12102(2), 12111(8). The allegations in Plaintiff's complaint do not demonstrate that she is a "qualified individual" with a "disability" that falls within any of these categories.

Plaintiff alleges that she was "permanently injured" while "on the job." (Am. Compl. "Statement of Points" at 6, 16.) The complaint, however, is devoid of any allegations showing that Plaintiff is "substantially limited in any major life activity." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 488-89 (1999). In determining whether an impairment "substantially limits" a major life activity, courts consider, among other things, whether the impairment is permanent or long-term. *Toyota Motor Manuf., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195-98 (2002). Here, there are no allegations suggesting that Plaintiff is thus "substantially limited."

Plaintiff attaches two "Orthopaedic Consultation Report" documents from Dr. Hampton J. Jackson, Jr. to her Amended Complaint. Dr. Jackson's report dated November 16, 2005 lists the following diagnoses for Plaintiff: "Cervical disc injury, cervical disc syndrome and radiculopathy as a result of work injury of 03/01/05." (Am. Compl. "More Definite Statement of My Claims" at p. 7.) Dr. Jackson's subsequent report dated June 7, 2006 makes the following clarification: "It should be clear that I have never indicated that I thought this patient was fit to return to her regular work since I have been treating her. When I have commented about work, it has always been for light duties with the above-mentioned restrictions always." (*Id.* at p. 6.) The "light duties" referred to in this report comprise "activities that involve repeated bending, repeated stooping, heavy lifting, prolonged standing and walking, and include no typing." (*Id.*)

These documents thus demonstrate that Plaintiff's injury was **not** a permanent or long-term condition that "substantially limited" her in any major life activity. *See Duncan v. Washington Metro. Area Transit Auth.*, 240 F.3d 1110, 1114 (D.C. Cir. 2001) (finding that plaintiff's degenerative disc disease, which limited his lifting to no more than 20 pounds, did not "substantially limit" his major life activity of "working").[5]

The allegations in the Amended Complaint, even if accepted as true, do not show that Plaintiff suffers from a "disability" as that term has been interpreted under the ADA. Accordingly, the Court should dismiss Plaintiff's ADA claim. *See Sutton*, 527 U.S. at 492-93 (affirming dismissal of the plaintiffs' ADA claims on a Rule 12(b)(6) motion because the plaintiffs, who suffered from severe myopia, were not "disabled" within the meaning of the statute).

## IV.     Family and Medical Leave Act

Plaintiff alleges that she was "approved for Family Medical Leave to run concurrent in the event that [she] was still ill if [her] leave ran out," and that her FMLA leave was subsequently "cancelled." (Am. Compl. "Statement of Points" at 7; Am. Compl. "More Definite Statement of My Claim" at 1.) Plaintiff's complaint fails to state a claim for relief under the Family and Medical Leave Act ("FMLA").

---

[5]     *See also Dudley v. United Parcel Serv.*, No. H-96-1803, 1998 U.S. Dist. LEXIS 13384, at *10 (S.D. Tex. Feb. 6, 1998) (finding that a supervisor's statement that the plaintiff could not return to work unless she had fully recovered from a work-related injury was insufficient to show that her employer regarded her as disabled). In the *Dudley* case, the court dismissed the plaintiff's ADA claim, concluding that she had "confused a temporary physical incapacity, due to a work-related injury, with an ADA-qualifying disability. A temporary physical incapacity is not a physical or mental impairment that substantially limits one or more major life activities." *Id.* at *10-*11.

The FMLA protects eligible employees who take FMLA leave from being terminated or otherwise discriminated against for taking the leave.  To bring an FMLA claim, the plaintiff has the initial burden of establishing a prima facie case by showing that (1) she availed herself of protected rights under the FMLA; (2) she was adversely affected by the employment decision; and (3) there is causal connection between the two actions.  *Demar v. PA Consulting Group, Inc.*, Civil Action No. 04-00826 (RCL), 2006 U.S. Dist. LEXIS 44726, at *5-*6 (D.D.C. June 30, 2006).  Under the FMLA, it is unlawful for any employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the Act.  *Gleklen v. Democratic Cong. Campaign Comm.*, 199 F.3d 1365, 1367 (D.C. Cir. 2000).

Here, Plaintiff complains that her FMLA leave was "cancelled" at some point in time after it had been approved, but does not allege facts suggesting that Verizon took any action to "interfere with, restrain, or deny" Plaintiff's exercise of her FMLA rights.  Rather, the Amended Complaint alleges that, after her disability claim had been denied, Plaintiff was asked to return to work at the same job position that she held before commencing her FMLA leave.  (Am. Compl. "Statement of Points" at p. 4.)  The allegations in the Amended Complaint fail to establish a prima facie case; Plaintiff's FMLA claim should therefore be dismissed.

## CONCLUSION

For the reasons stated above, Verizon respectfully requests that the Court dismiss the Amended Complaint in its entirety for failure to state a claim for relief.

Dated:  December 21, 2006                    Respectfully submitted,


_____/s/_____Reenah L. Kim_____

Jeffrey G. Huvelle
DC Bar No. 227769
Reenah L. Kim
DC Bar No. 478611
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Fax: (202) 662-6291

*Counsel for Defendant Verizon*

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing "Defendant's Motion to Dismiss Amended Complaint" and "Defendant's Statement of Points and Authorities in Support of Its Motion to Dismiss Amended Complaint" were served on this date via first-class mail, postage prepaid to the following:

> Maxine Wright
> 5721 Magnolia Lane
> Falls Church, VA 22041
>
> *Plaintiff*

SO CERTIFIED, this 21st day of December 2006

_____/s/\_\_\_\_\_Reenah L. Kim_____
Reenah L. Kim

**DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT**

**EXHIBIT A**

*veri* on

K5C16

# Your
# Pension
# Plan

# Contents

Your Pension Plan Benefits.................................................1

About This SPD ...................................................... 1

Getting More Information ............................................ 2

Changes to the Plan ................................................. 3

Participation and Service ...............................................4

Eligibility................................................................ 4

When Participation Begins........................................... 5

How Service Is Counted.............................................. 6

Effect of Break in Employment...................................... 10

"Bridging" After a Break in Employment ......................... 13

How Your Benefit Is Determined .....................................17

Basic Benefit Formula ............................................... 17

Pension Band Basic Monthly Benefit .............................. 18

Your Supplemental Benefit.......................................... 19

An Example: Normal Retirement Benefit.......................... 20

Minimum Pension Benefit ........................................... 21

Special Situations That Can Affect Your
Benefit Calculation ................................................. 21

Receiving Your Benefit..................................................24

Service Pension Eligibility .......................................... 24

Early Retirement With a Service Pension ......................... 24

Normal Retirement or Later......................................... 25

If You Leave Before Retirement.................................... 25

If You Become Disabled............................................. 28

How Your Benefit Is Paid..............................................32

Automatic Method of Payment ..................................... 32

Optional Methods of Payment...................................... 32

Paying Taxes on Your Pension Benefit ........................... 38

Applying for Benefits................................................. 39

Benefits for Survivors ..................................................41

Preretirement Survivor Death Benefit ............................. 41

Sickness Death Benefit .............................................. 46

Accidental Death Benefit............................................ 48

Claims Must Be Submitted Promptly............................... 48

**If You Are a Retiree, Former Vested Participant**
**or Beneficiary** ................................................................ **49**
   Your Benefit Amount................................................... 49
   Receiving Your Benefit................................................ 50

**Additional Information** ...................................................... **51**
   If You Divorce or Separate ........................................ 51
   Maximum Benefit Levels ............................................ 51
   How Benefits Could Be Reduced, Lost,
   Suspended or Delayed................................................ 51
   Pension Benefit Guaranty Corporation .................... 53
   Claims and Appeals Procedures .............................. 55
   Change in Ownership or Control ............................... 57
   Rights of Participants and Beneficiaries Under ERISA ......... 58
   Administrative Information ......................................... 60
   Participating Companies ............................................ 63

**Glossary** ......................................................................... **64**

# Your Pension Plan Benefits

The Pension Plan for Mid-Atlantic Associates (the Plan) is designed
to provide you with a financial resource for your retirement.
Combined with your Social Security benefit and your retirement
savings, the Plan can help provide the security of a steady source of
income for your retirement years. In general, the longer you work for
the Company, the higher the benefit you can receive based on your
pension band and the length of your service.

Verizon pays the entire cost of providing your pension benefits from
the Plan. The Company makes contributions to a trust fund. There is
no cost to you.

## About This SPD

This book is the summary plan description (SPD) for the Verizon
Pension Plan for Mid-Atlantic Associates, a plan subject to federal
law under the Employee Retirement Income Security Act of 1974
(ERISA) and its subsequent amendments. This book meets ERISA's
requirements for an SPD and is based on Plan provisions effective
January 1, 2001. It updates and replaces all previous SPDs and other
descriptions of the Verizon Pension Plan for Mid-Atlantic Associates.
(Prior to January 1, 2001, the Plan was called the Bell Atlantic
Pension Plan.)

> **Important Note**
>
> Verizon and its claims and
> appeals administrators have
> the discretionary authority to
> interpret the terms of this SPD
> and determine your eligibility
> for benefits under its terms.

This SPD is divided into the following major sections:

- **Participation and Service.** This section describes when your participation begins and how service is counted.

- **How Your Benefit Is Determined.** Here you will learn how much you can expect to receive.

- **Receiving Your Benefit.** This section explains when you can start receiving your benefit.

- **How Your Benefit Is Paid.** You have choices available in the form of payment you receive. This section describes your choices.

- **Benefits for Survivors.** If you die, your survivors may be eligible to receive a benefit from the Plan.

- **Additional Information.** This section provides additional details about the administrative provisions of the Plan and your legal rights.

- **Glossary.** Certain terms used in this SPD are defined in the glossary.

## Getting More Information

If you have questions about the Plan or need additional information after reading this SPD, call the benefits administrator. See your Important Benefits Contacts insert for the telephone number and access information for the interactive voice response system and to speak with a benefits representative.

Every effort has been made to ensure the accuracy of the information included in this SPD, which is based on the Plan document, as amended through January 1, 2001. If, however, there is a discrepancy between the information contained in this SPD and the official Plan document, the Plan document will govern. Copies of Plan documents are available by contacting the Plan administrator in writing at the address provided on page 58 in the "Additional Information" section.

## Changes to the Plan

While the Company expects to continue the Plan indefinitely, the Company, by action of the Company's board of directors or its delegates, also reserves the right to amend, modify, suspend, terminate or partially terminate the Plan at any time, at its discretion, with or without advance notice to participants, subject to any duty to bargain collectively.

Upon termination or partial termination of the Plan, the accrued benefits of each participant affected by the termination or partial termination (as determined by the Plan administrator) shall become fully vested to the extent funded. Upon termination of the Plan, no further benefits are earned and no increases in previously earned benefits will occur by reason of future service or compensation.

In the event the Plan is terminated in full, Plan assets will be allocated, after payment of Plan expenses for administration or liquidation, to pay benefits accrued to the date of termination, to the extent and in the order required by section 4044 of ERISA and the terms of the Plan. If the Plan is terminated, you generally will receive benefits at retirement age or, if appropriate, by an earlier distribution, with benefits distributed either in the form of cash or in the form of an annuity contract issued by an insurance company. (See pages 53 through 54 for a discussion of the Pension Benefit Guaranty Corporation [PBGC] benefit guarantees that may apply if the Plan is terminated.)

Decisions regarding changes to, or terminations of, benefits are made at the highest levels of management. Verizon employees below those levels do not know whether the Company will adopt any particular change and are not in a position to speculate about such changes. Unless and until changes formally are adopted and officially are announced, no one is authorized to assure that any particular change will or will not occur.

## Claims and Appeals Procedures

As claims administrator, Verizon's benefits administrator for the Plan has discretionary authority to determine claims for the Plan. The Verizon Claims Review Committee (VCRC) is the appeals administrator for the Plan. (See page 61 for the address of the claims and appeals administrator and refer to your Important Benefits Contacts insert for the telephone number.)

The Plan grants the claims and appeals administrators discretionary authority to:

- Interpret the Plan based on its provisions and applicable law and make factual determinations about claims arising under the Plan

- Determine whether a claimant is eligible for benefits

- Decide the amount, form and timing of benefits

- Resolve any other matter under the Plan that is raised by a participant or a beneficiary, or that is identified by either the claims or appeals administrator.

The claims and appeals administrators have sole authority to decide claims under the Plan and review and resolve any appeal of a denied claim.

### Filing a Claim

You, your beneficiaries or someone claiming benefits through you as a participant has the right under the Employee Retirement Income Security Act of 1974 (ERISA) and its subsequent amendments to file a claim if you believe you are entitled to benefits and benefits have been denied or incorrectly determined under the Plan.

To submit a claim, put your concern in writing, explaining in your words your understanding of your benefit issue, and provide any supporting information in writing to the claims administrator. (See page 61 for the address.)

Once you have documented your claim to the claims administrator along with any further information that you believe should be taken into account, the claims administrator has 90 days (except as described on the following page) to make a decision on your claim after receiving it.

If the claims administrator needs additional information from you in order to process your claim, you will be given 180 days to supply the needed information. In that case, the claims administrator will have not less than 45 days from the date you supply the additional information (or your 180-day period expires) to make a decision on your claim.

If there are special circumstances requiring longer review, the claims administrator may take up to an additional 90 days to make a decision on your claim. You will be notified in writing if more time is needed and of the final decision.

**Claim Denial**

If your claim completely or partially is denied, a written notice of denial will be provided by the claims administrator, which will tell you the specific reasons for the decision and how you can appeal the decision.

**Filing an Appeal**

You may file an appeal if:

- You receive no reply to your original claim within 90 days

- The time for a decision on your original claim was extended for an additional 90 days, and you receive no reply after the additional 90 days

- You receive written denial of all or part of the claim, and you want to appeal the denial.

You may appeal by submitting in writing a letter requesting an appeal and stating your concerns and any related facts to the Verizon Claims Review Committee, c/o Verizon Benefits Center; 100 Half Day Road; P.O. Box 1457; Lincolnshire, IL 60069-1457. Your appeal letter must be received within 60 days after you receive the denial of your claim or fail to receive timely notice of the decision.

If you submit an appeal, you have the right to:

- Review pertinent Plan documents, which you can obtain as described in the next section.

- Send a written statement of the issues and any other documents in support of your claim to the appeals administrator.

- Request copies of written documents that are relevant to the appeal. There typically will be a reasonable charge per page.

**Review of Your Appeal**

The VCRC, as appeals administrator, will review your appeal of the denied claim and will make a decision after receiving your written request for review. Your appeal will be decided by a different committee than the committee that decided your initial claim. Your appeal will be decided within 60 days after being received by the appeals administrator. However, if there are special circumstances that require additional time, the appeals administrator may extend the review by an additional 60 days (for a total of 120 days from receiving your appeal).

Normally, the appeals administrator will notify you of the decision in writing. However, if you do not receive a decision or notification within the appropriate time span, you should consider the appeal denied.

In case of an appeal, the appeals administrator's decision is final and binding on all parties to the full extent permitted under the Plan and under applicable law, unless conclusive the participant or a beneficiary later successfully proves that the appeals administrator's decision was an abuse of discretion. However, as a Plan participant, you may have further rights under ERISA after you have exhausted the claims and appeals process, as described in the next section.

Benefits under the Plan will be paid only if the benefits administrator or the claims or appeals administrator decide in their discretion that the participant or beneficiary is entitled to them.

## Change in Ownership or Control

In the event the ownership or control of Verizon changes significantly, Plan provisions restrict, for a five-year period after the change, actions to extend the Plan to additional employees, reduce the rate of benefit accruals, change Plan investments or transfer assets and liabilities of the Plan to another plan. In the event the Plan is terminated in whole or in part during that period, all or part of any Plan assets in excess of the amount needed to fund current benefits, as appropriate, will be used to fund employee benefits for affected participants.

## Rights of Participants and Beneficiaries Under ERISA

Under ERISA, you have the following rights:

- You may examine all Plan documents without charge. These include annual financial reports, Plan descriptions, bargaining unit agreement provisions pertaining to the Plan and all other official Plan documents and reports, including a copy of the latest annual report (Form 5500 Series) filed with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefits Administration. The Plan administrator makes these documents available for examination free of charge at specified sites, such as Verizon work locations. For information, write to the Plan administrator:

  — c/o Verizon Benefits Center
  100 Half Day Road
  P.O. Box 1457
  Lincolnshire, IL 60069-1457

  Also, you may obtain copies of all Plan documents and other Plan information upon written request to the Plan administrator at the above address. Please include the full name of the Plan in your written request, along with your name, Social Security number, mailing address and telephone number. You may be charged 25 cents per page for documents that you request.

- You may receive a copy of the Plan's procedures governing QDRO determinations. The Plan administrator is required to furnish a copy of the procedures without charge. You may request a copy of the Plan's QDRO procedures by contacting the Verizon-Bell Atlantic Qualified Order Team; 100 Half Day Road; Lincolnshire, IL 60069. (See your Important Benefits Contacts insert for the telephone number.)

- You will receive a summary of the Plan's annual financial report. The Plan administrator is required by law to furnish you with a copy of the summary annual report.

- You may obtain a statement telling you the amount of your accrued pension benefit payable at normal retirement age if you stop working under the Plan now. If you are not fully vested, your statement will tell you how many more years you have to work to be fully vested. These statements are not required to be given more than once a year and automatically are provided free of charge.

In addition to creating rights for Plan participants, ERISA imposes duties upon the persons who are responsible for the operation of the Plan. The persons who operate your Plan, some of whom are named as "fiduciaries" of the Plan, have a duty to do so prudently and in the interest of you and other Plan participants and beneficiaries.

No one, including your employer, your union or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a benefit or exercising your rights under ERISA. If your claim for a benefit is denied or ignored, in whole or in part, you have a right to know why this was done and to obtain copies of documents relating to the decision without charge.

You have a right to have your claim reviewed and reconsidered on appeal, but your appeal must be timely. Under ERISA, there are steps you can take to enforce the above rights.

For instance, if you request materials from the Plan administrator that you have a right to receive and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the Plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Plan administrator.

If you have a claim for benefits, which is denied or ignored in whole or in part, you may file suit in a state or federal court. In addition, if you disagree with the Plan's decision or lack thereof concerning the qualified status of a domestic relations order, you may file suit in federal court. If it should happen that Plan fiduciaries misuse the Plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor or you may file suit in a federal court.

The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees (for example, if it finds your claim is frivolous).

If you have any questions about the Plan, you should contact the benefits administrator, which the Plan administrator has established for purposes of administering benefits and responding to questions of participants and beneficiaries. If you have any questions about this statement or about your rights under ERISA or if you need assistance in obtaining documents from the Plan administrator, you can contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory, or the Division of Technical Assistance and Inquiries; Pension and Welfare Benefits Administration; U.S. Department of Labor; 200 Constitution Avenue, N.W.; Washington, D.C. 20210.

You also may obtain certain publications about your rights and responsibilities under ERISA by calling the publication hotline of the Pension and Welfare Benefits Administration.

## Administrative Information
Administrative information about the Plan is provided in this section.

**Important Telephone Numbers**
Use the telephone numbers provided in your Important Benefits Contacts insert when you want to request a distribution, request information or if you have questions.

**Plan Sponsor**
The Plan sponsor is:

Verizon Communications Inc.
4 West Red Oak Lane
White Plains, NY 10604

**Plan Administrator**
The Plan administrator is:

Chairperson of the VEBC
c/o Verizon Benefits Center
100 Half Day Road
P.O. Box 1457
Lincolnshire, IL 60069-1457

You may communicate to the Plan administrator in writing at the address on page 60. But, for questions about Plan benefits, you should write or call the benefits administrator (see below for the address and your Important Benefits Contacts insert for the telephone number). The benefits administrator administers benefits and handles participant questions, requests and certain benefits claims, but is not the Plan administrator.

The Plan administrator or a person delegated by the administrator has the full and final discretionary authority to publish the Plan document and benefit Plan communications, to prepare reports and make filings for the Plan and to otherwise oversee the administration of the Plan. However, most of your day-to-day questions can be answered by the Plan's benefits administrator.

Do not send any benefit claims to the Plan administrator or to the legal department. Instead, submit it to the claims administrator for the Plan.

**Benefits Administrator**
The benefits administrator up to December 31, 2001 is:

Verizon's Bell Atlantic InTouch Center
P.O. Box 435
Little Falls, NJ 07424

The benefits administrator on and after January 1, 2002 is:

Verizon Benefits Center
100 Half Day Road
P.O. Box 1457
Lincolnshire, IL 60069-1457

**Claims and Appeals Administrators**
The claims administrator is the benefits administrator (see above).

The appeals administrator is:

Verizon Claims Review Committee
c/o Verizon Benefits Center
P.O. Box 1457
Lincolnshire, IL 60069-1457

**Plan Funding**
The Plan is funded through Company contributions made to a trust.
The Plan trustee is:

Mellon Bank, N.A.
One Mellon Bank Center
Pittsburgh, PA 15258

**Plan Identification**
The Verizon Pension Plan for Mid-Atlantic Associates is a defined
benefit plan, listed with the Department of Labor under two numbers:
The Employer Identification Number (EIN) is 23-2259884 and the
Plan Number (PN) is 002.

**Plan Year**
Plan records are kept on a Plan-year basis, which is the same as the
calendar-year basis.

**Agent for Service of Legal Process**
The agent for service of legal process is the Plan administrator. Legal
process must be served in writing to the Plan administrator at the
address stated for the Plan administrator on page 58.

In addition, a copy of the legal process involving this Plan must be
delivered to:

Verizon Legal Department
Employee Benefits Group
Verizon Communications Inc.
1095 Avenue of the Americas
37th Floor
New York, NY 10036

Legal process also may be served on the Plan trustee (see above).

**Official Plan Document**
This summary plan description (SPD) describes the main provisions
of the Plan, but not every detail is included. Your rights and benefits
are governed solely by the official Plan documents. It is important,
therefore, to ask questions and get clarification on any matters about
which you are uncertain.

## Participating Companies

The following is a list of participating companies as of
January 1, 2001. The list may change from time to time.

- Verizon Advanced Data Inc.

- Verizon Delaware Inc.

- Verizon Directory Services Inc.

- Verizon Maryland Inc.

- Verizon Network Services Inc.

- Verizon New Jersey Inc.

- Verizon Pennsylvania Inc.

- Verizon Virginia Inc.

- Verizon Washington, D.C. Inc.

- Verizon West Virginia Inc.

**DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT**

**EXHIBIT B**

*veri* on

K5C3

# Your Disability Benefits

A IBEW and CWA associates

# Contents

**Your Disability Benefits** ...................................................... 1
About This SPD ........................................................... 1
Getting More Information ............................................... 2
Changes to the Plans ................................................... 3

**Participating in the Plans** ................................................ 4
Eligibility ..................................................................... 4
Cost of Coverage ........................................................ 6
When Coverage Ends .................................................. 6
Summary of Benefits ................................................... 7

**Sickness Disability Benefits** ............................................ 8
Applying for a Benefit .................................................. 8
When Benefits Begin .................................................... 8
How Your Benefit Is Determined ................................... 8
When Benefits End ...................................................... 9
Recurrences and Successive Disabilities ..................... 10
Independent Medical Examination ............................... 11

**Accident Disability Benefits** .......................................... 12
Applying for a Benefit .................................................. 12
When Benefits Are Paid ............................................... 12
Part-Time Service ....................................................... 12
Benefits for Total Disability .......................................... 13
If You Partially Recover From a Total Disability .............. 13
Recurrences and Successive Disabilities ..................... 14
Situations That May Affect Your Benefits ...................... 15
Effect on Your Other Benefits Coverage ....................... 15

**Long-Term Disability Benefits** ....................................... 16
Applying for a Benefit .................................................. 16
When Benefits Are Paid ............................................... 16
How Your Benefit Is Determined ................................... 17
When Benefits End ...................................................... 18
If You Take Another Job ............................................... 18
Recurrences and Successive Disabilities ..................... 19
Effect on Your Other Benefits Coverage ....................... 19
When Benefits Are Not Paid ......................................... 20

**Additional Information** ........................................................ **21**
   Permission to Leave Home .................................................. 21
   Leaves of Absence ............................................................. 21
   Subrogation and Third-Party Reimbursement ..................... 21
   Right of Recovery................................................................ 22
   Claims and Appeals Procedures ......................................... 23
   Rights of Participants and Beneficiaries Under ERISA ....... 27
   Administrative Information ................................................... 28
   Participating Companies ..................................................... 31

**Glossary** ........................................................................... **32**

# Your Disability Benefits

The Verizon Disability Benefit Plans (the Plans) are designed to provide you with continuing income if an illness or injury prevents you from working for more than seven consecutive calendar days. You automatically are enrolled for disability coverage upon eligibility. The Plans include a number of different types of benefits:

- **Sickness Disability Benefits.** If you are absent more than seven consecutive calendar days due to sickness or an off-duty injury, beginning on the eighth consecutive calendar day of your absence, you may receive Sickness Disability benefits for up to 52 weeks.

- **Accident Disability Benefits.** If you are unable to work due to an on-duty injury, you may receive Accident Disability benefits beginning on the first day of your disability.

- **Long-Term Disability Benefits.** When Sickness Disability benefits end after 52 weeks, you may be eligible for Long-Term Disability (LTD) benefits.

## About This SPD

This book is the summary plan description (SPD) for the following Plans:

- Verizon Sickness and Accident Disability Benefit Plan for Mid-Atlantic Associates

- Verizon Long-Term Disability Plan for Mid-Atlantic Associates.

The Plans are subject to federal law under the Employee Retirement Income Security Act of 1974 (ERISA) and its subsequent amendments. This book meets ERISA's requirements for an SPD and is based on Plan provisions effective January 1, 2001. It updates and replaces all previous SPDs and other descriptions of the benefits provided by the Plans. This SPD is part of these Plans.

**Important Note**

If you are absent from work for seven or fewer consecutive calendar days, you may be eligible for Incidental Absence payments. Contact your supervisor.

**Important Note**

Verizon and its claims and appeals administrators have the discretionary authority to interpret the terms of this SPD and determine your eligibility for benefits under its terms.

This SPD is divided into the following major sections:

- **Participating in the Plans.** This section explains your eligibility and when eligibility ends.

- **Sickness Disability Benefits.** This section describes benefits if you are absent from work due to sickness or an off-duty injury for more than seven consecutive calendar days.

- **Accident Disability Benefits.** This section describes benefits if you are unable to work due to an on-duty injury.

- **Long-Term Disability Benefits.** This section provides information about Long-Term Disability (LTD) benefits if you continue to be disabled for more than 52 weeks.

- **Additional Information.** This section provides additional details about the administrative provisions of the Plans and your legal rights.

- **Glossary.** Certain terms used in this SPD are defined in the glossary.

## Getting More Information

If you have questions about your benefits or need additional information after reading this SPD, you have the following resources:

- **For specific details about disability coverage provisions,** call the applicable administrator's telephone number directly (see your Important Benefits Contacts insert for the telephone numbers).

- **For general information about other benefits while on disability,** call Verizon's Bell Atlantic InTouch Center (or its successor) at the telephone number listed on your Important Benefits Contacts insert. The voice response system is available 24 hours a day, seven days a week. InTouch Representatives are available to answer your questions from 8:00 a.m. to 5:00 p.m. Eastern time, Monday through Friday (excluding holidays).

Every effort has been made to ensure the accuracy of the information included in this SPD, which constitutes part of the Plan documents, as restated effective January 1, 2001. Copies of Plan documents are available by contacting the Plan administrator in writing at the address provided on page 29 in the "Additional Information" section.

## Changes to the Plans

While the Company expects to continue the Plans indefinitely, the Verizon Employee Benefits Committee (VEBC), formerly named the Bell Atlantic Corporate Employees' Benefits Committee, also reserves the right to amend, modify, suspend or terminate one or more of the Plans at any time, at its discretion, with or without advance notice to participants, subject to any duty to bargain collectively. The Plans may be amended by publication of any SPD, summary of material modification, enrollment materials or other communication relating to the Plans, as approved by the chairperson of the VEBC or an individual in a Director level position or above in the employee benefit design or delivery or the communications branch of the Company's Human Resources organization.

Decisions regarding changes to, or terminations of, benefits are made at the highest levels of management. Verizon employees below those levels do not know whether the Company will adopt any particular change and are not in a position to speculate about such changes. Unless and until changes formally are adopted and officially are announced, no one is authorized to assure that any particular change will or will not occur.

## Claims and Appeals Procedures

The authority and discretion to designate each of the claims and appeals administrators is granted to the Verizon Employee Benefits Committee (VEBC), formerly named the Bell Atlantic Corporate Employees' Benefits Committee, and the Verizon Claims Review Committee (VCRC), and to the individuals who chair each of these committees. Each of them has the discretion to designate the claims and/or appeals administrator from time to time. Furthermore, the VCRC (and its chairperson) has the discretion to designate the VCRC as a "final appeals administrator," either in place of the existing appeals process under the Plans, or as an additional level of appeal beyond the existing two-tier or three-tier claims and appeals process, depending on whether a final appeals administrator has been appointed. If a final appeals administrator has been designated, the final appeals administrator has sole authority to exercise discretion in review and resolution of a final appeal of a claim denied upon initial appeal under the Plans.

At the time of publication of this summary plan description (SPD), there are several claims and appeals administrators for the Plans:

**Claims Regarding Eligibility to Participate in the Plans**
*Verizon's Bell Atlantic InTouch Center (staffed by PricewaterhouseCoopers LLP—or its successor)* has discretionary authority to determine claims and appeals related to eligibility for the Plans.

**Claims Regarding Scope/Amount of Benefits Under the Plans**
The following claims and appeals administrators have discretionary authority to determine claims and appeals for Plan benefits:

| Plan | Claims and Appeals Administrator |
| --- | --- |
| Verizon Sickness and Accident Disability Benefit Plan for Mid-Atlantic Associates | CORE, Inc. |
| Verizon Long-Term Disability Plan for Mid-Atlantic Associates | Metropolitan Life Insurance Company (MetLife) |

The addresses of the claims and appeals administrators for the Plans are listed on pages 29 through 30. If you have a claim or appeal, you should contact the appropriate claims and appeals administrator for the type of claim or appeal you have.

The claims and appeals administrators have discretionary authority to:

- Interpret the Plans based on their provisions and applicable law and make factual determinations about claims arising under the Plans

- Determine whether a claimant is eligible for benefits

- Decide the amount, form and timing of benefits

- Resolve any other matter under the Plans that is raised by a participant or a beneficiary, or that is identified by either the claims or appeals administrator.

The claims and appeals administrators have sole discretionary authority to decide claims under the Plans and review and resolve any appeal of a denied claim. In case of an appeal, the claims and appeals administrators' decisions are final and binding on all parties to the full extent permitted under applicable law, unless the participant or beneficiary later proves that a claims or appeals administrator's decision was an abuse of administrator discretion.

**Filing a Claim**

You, your beneficiaries or someone claiming benefits through you as a participant has the right under the Employee Retirement Income Security Act of 1974 (ERISA) and its subsequent amendments to file a claim if you believe you are entitled to benefits and benefits have been denied or incorrectly determined under the Plans.

To submit a claim, put your concern in writing, explaining in your own words your understanding of your benefit issue, and provide any supporting information in writing to the appropriate claims administrator.

The Plans have two claims and appeals administrators:

- The administrator for claims and appeals that pertain to eligibility to participate in the Plans (see page 23)

- The administrator for claims and appeals that pertain to the scope or amount of benefits under the Plans (see page 23).

Once you have documented your claim and submitted any further information that you believe should be taken into account by the claims administrator, the claims administrator has 90 days to process your claim after receiving it.

If there are special circumstances requiring longer review, the claims administrator may take up to an additional 90 days to make a decision on your claim. The claims administrator will notify you in writing if more time is needed and of the final decision.

**If Your Claim Is Denied**
If your claim completely or partially is denied, a written notice of denial will tell you the specific reasons for the decision, the Plan provisions used to support the decision, a description of any outstanding materials needed to approve the claim and how you can appeal the decision.

**Filing an Appeal**
You (the participant or beneficiary who filed a claim that was denied) may file an appeal if:

- You receive no reply to your original claim within the initial 90 days

- The time for a decision on your original claim was extended for an additional 90 days, and you receive no reply after the additional 90 days

- You receive written denial of all or part of the claim and you want to appeal the denial.

You may appeal by submitting in writing a letter requesting an appeal and stating your concerns and any related facts to the appeals administrator. Your appeal letter must be received by the appeals administrator within 60 days after you receive the denial of your claim or fail to receive timely notice of a decision.

If you submit an appeal, you have the right to:

- Review pertinent Plan documents, which you can obtain as described on page 27.

- Send a written statement of the issues and any other documents in support of your claim to the appeals administrator.

- Request copies of written documents that are relevant to your appeal. There typically will be a reasonable charge per page.

**Review of Your Appeal**

The appeals administrator will review your appeal of the denied claim and will make a decision within 60 days after receiving your written request for review. Your appeal will be decided by a different appeals administrator or committee than the appeals administrator or committee that decided your initial claim. If the appeals administrator meets on a quarterly basis, a decision may be made at the next quarterly meeting.

If the appeals administrator needs more than 60 days or a period beyond the next quarterly meeting to make a decision, you will be notified in writing, within the initial 60-day period or calendar quarter, and you will be told why more time is needed. The extension, if needed, will be an additional 60 days or until the subsequent quarterly meeting.

Normally, the appeals administrator will notify you of the decision in writing. However, if you do not receive a decision or notification within the appropriate time span, you should consider the appeal denied.

In the case of an appeal, the appeals administrator's decision is the final, conclusive and binding administrative remedy under the Plans. However, as a Plan participant, you may have further rights under ERISA after you have exhausted the claims and appeals process, as described in the next section.

Benefits under these Plans will be paid only if the applicable benefits administrator or, in the case of a claim or appeal, the applicable claims or appeals administrator, or its delegate, decides in its discretion that the participant or beneficiary is entitled to them.

## Rights of Participants and Beneficiaries Under ERISA

Under ERISA, you have the following rights:

- You may examine all Plan documents without charge. These include annual financial reports, Plan descriptions, collective bargaining agreement provisions pertaining to the Plans and all other official Plan documents and reports, including a copy of the latest annual report (Form 5500 Series) filed with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefits Administration. The Plan administrator makes these documents available for examination free of charge at specified sites, such as Verizon work locations. For information, write to the Plan administrator:

c/o Verizon Benefits Center
100 Half Day Road
P.O. Box 1457
Lincolnshire, IL 60069-1457

Also, you may obtain copies of all Plan documents and other Plan information upon written request to the Plan administrator at the above address. Please include the full name of the Plan in your written request along with your name, Social Security number, mailing address and telephone number. You may be charged 25 cents per page for documents that you request.

- You will receive a summary of the Plans' annual financial reports. The Plan administrator is required by law to furnish you with a copy of this summary annual report.

In addition to creating rights for Plan participants, ERISA imposes duties upon the persons who are responsible for the operation of the Plans. The persons who operate your Plans, some of whom are named as "fiduciaries" of the Plans, have a duty to do so prudently and in the interest of you and other Plan participants and beneficiaries.

No one, including your employer, your union or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a benefit or exercising your rights under ERISA. If your claim for a benefit is denied or ignored, in whole or in part, you have the right to know why this was done and to obtain copies of documents relating to the decision without charge.

You have the right to have the Plans review and reconsider your claim. Under ERISA, there are steps you can take to enforce the previous rights.

For instance, if you request materials from the Plan administrator that you have a right to receive and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the Plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Plan administrator.

If you have a claim for benefits that is denied or ignored, in whole or in part, you may file suit in a state or federal court. If it should happen that Plan fiduciaries misuse the Plans' money or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor or you may file suit in a federal court.

The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees (for example, if it finds your claim to be frivolous).

If you have any questions about the Plans, you should contact the claims administrators. If you have any questions about this statement or about your rights under ERISA or if you need assistance in obtaining documents from the Plan administrator, you can contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory, or the Division of Technical Assistance and Inquiries; Pension and Welfare Benefits Administration; U.S. Department of Labor; 200 Constitution Avenue, N.W.; Washington, D.C. 20210.

You also may obtain certain publications about your rights and responsibilities under ERISA by calling the publication hotline of the Pension and Welfare Benefits Administration.

## Administrative Information
Administrative information about the Plans is provided in this section.

**Important Telephone Numbers**
See your Important Benefits Contacts insert for information.

**Plan Sponsor**
The Plan sponsor is:

Verizon Communications Inc.
4 West Red Oak Lane
White Plains, NY 10604

**Plan Administrator**
The Plan administrator is:

Chairperson of the VEBC
c/o Verizon Benefits Center
100 Half Day Road
P.O. Box 1457
Lincolnshire, IL 60069-1457

You may communicate to the Plan administrator in writing at the
address above. The InTouch Center handles participant requests
and certain benefits claims, but is not the Plan administrator.
Claims relating to the scope and amount of benefits under the Plans
are administered by the administrators listed on page 23.

The Plan administrator or a person designated by the administrator
has the full and final discretionary authority to publish the Plan
documents and benefit Plan communications, to prepare reports and
make filings for the Plans and to otherwise oversee the administration
of the Plans. However, most of your day-to-day questions can be
answered by the Plans' benefits administrator.

Do not send any benefit claims to the Plan administrator or to the
legal department. Instead, submit them to the claims administrator
for the Plans (see page 23).

**Benefits Administrators**
CORE, Inc. is the benefits administrator for the Sickness and
Accident Disability Benefit Plan. Metropolitan Life Insurance
Company (MetLife) is the benefits administrator for the Long-Term
Disability Plan. As the benefits administrators, Core, Inc. and MetLife
have the authority and responsibility to perform daily administration
of benefits under the Plans. (See page 30 for the addresses and your
Important Benefits Contacts insert for the telephone numbers for the
benefits administrators.)

**Claims and Appeals Administrators**
There are several claims and appeals administrators for the Plans.

***Verizon's Bell Atlantic InTouch Center (staffed by
PricewaterhouseCoopers LLP—or its successor)***
The InTouch Center is responsible for eligibility claims. The InTouch
Center can be reached at the following address:

Verizon's Bell Atlantic InTouch Center (or its successor)
P.O. Box 435
Little Falls, NJ 07424

See your Important Benefits Contacts insert for the telephone number.

### *CORE, Inc. (CORE)*

CORE is the benefits administrator responsible for exercising the discretion to determine benefit payments, and also is the claims administrator for claims relating to the scope or amount of benefits under the Sickness and Accident Disability Benefit Plan. CORE can be reached at the following address:

CORE, Inc.
8403 Colesville Road
10th Floor
Silver Spring, MD 20910

See your Important Benefits Contacts insert for the telephone number.

### *Metropolitan Life Insurance Company (MetLife)*

MetLife is the benefits administrator responsible for exercising the discretion to determine benefit payments, and also is the claims administrator for claims relating to the scope or amount of benefits under the Long-Term Disability Plan. MetLife can be reached at the following address:

Metropolitan Life Insurance Company
P.O. Box 3017
Utica, NY 13504

See your Important Benefits Contacts insert for the telephone number.

### Plan Funding

The Plans are not financed by an insurance company, nor are Plan benefits guaranteed under a contract of insurance. The claims and appeals administrators listed on page 23 do not insure or guarantee Plan benefits.

The Company pays all claims out of the general assets of the Company.

### Plan Identification

Disability coverage is provided under the following welfare plans, which are listed with the Department of Labor under two numbers: The Employer Identification Number (EIN) is 23-2259884 and the Plan Numbers (PNs) are listed below.

- Verizon Sickness and Accident Disability Benefit Plan for Mid-Atlantic Associates, PN 513

- Verizon Long-Term Disability Plan for Mid-Atlantic Associates, PN 516.

**Plan Year**
Plan records are kept on a Plan-year basis, which is the same as the calendar-year basis.

**Agent for Service of Legal Process**
The agent for service of legal process is the Plan administrator. Legal process must be served in writing to the Plan administrator at the address stated for the Plan administrator on page 29.

In addition, a copy of the legal process involving these Plans must be delivered to:

Verizon Legal Department
Employee Benefits Group
Verizon Communications Inc.
1095 Avenue of the Americas
37th Floor
New York, NY 10036

**Official Plan Document**
This SPD is part of the official Plan documents.

## Participating Companies
The following is a list of participating companies as of January 1, 2001. The list may change from time to time.

- Verizon Delaware Inc.

- Verizon Directory Services Inc.

- Verizon Maryland Inc.

- Verizon New Jersey Inc.

- Verizon Pennsylvania Inc.

- Verizon Services Corp.

- Verizon Virginia Inc.

- Verizon Washington, D.C. Inc.

- Verizon West Virginia Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA**

MAXINE WRIGHT

                    Plaintiff,

      v.

VERIZON COMMUNICATIONS INC.

                  Defendant.

Civil Action No. 1:06-cv-01819- HHK

**ORDER**

      **AND NOW**, the Court having considered Defendant's Motion to Dismiss Amended Complaint, Defendant's supporting Statement of Points and Authorities, and all opposition and reply memoranda thereto, **IT IS HEREBY ORDERED** that the Amended Complaint is dismissed.

_____
DATE

_____
THE HONORABLE HENRY H. KENNEDY, JR.