UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXINE WRIGHT<br><br>                    Plaintiff,<br>v.<br><br>VERIZON COMMUNICATIONS INC.<br><br>                    Defendant. | Civil Action No. 1:06-cv-01819- HHK |

## PARTIES' JOINT STATEMENT PURSUANT TO LCvR 16.3 CONFERENCE

Plaintiff Maxine Wright (who is proceeding *pro se*) and undersigned counsel for Defendant Verizon Communications, Inc. ("Verizon") having met and conferred, they hereby submit this Joint Statement in accordance with the requirements of LCvR 16.3, FRCP 26(f), and the Court's Order for Initial Scheduling Conference.

### PLAINTIFF'S BRIEF STATEMENT OF THE CASE

On March 1st, 2005 I was injured on the job. I was forced to retire November 5th, 2005 due to an on-the-job injury after over 26 years with Verizon. I requested my Disability Pension, retroactive Disability Payments, and my full benefits to no avail. I've tried to resolve this dispute with Verizon exhausting all available administrative procedures. I've had to go to EEOC and Ethics for help also.

On September 29th, 2006 I asked the Court to Order my Disability Pension, retroactive Disability Payments from November 2005 until present, and relief. But while on my Certified Medical Leave, my supervisor Ordered me back to work which violated my Family Medical Leave rights. My supervisor Renard Flournoy who told me he would fire me if I used FMLA while I was still in pain and suffering and on Certified Medical Leave when he demanded me

RECEIVED
FEB - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

back to work. This action interfered with FMLA laws. My FMLA is approved and Certified as a Serious Health Condition for myself to run concurrent with my medical leave if the need was to arise. Also Verizon attorneys defaulted when requested by the Office of DC Workers Compensation Officials to appear in a meeting to resolve this matter. Verizon refused the orders of DC Workers Compensation and also my doctor, Dr. Hampton Jackson, violating my rights under the Americans with Disabilities Act.

Since Verizon attorneys refused to meet with me and DC Workers Compensation this caused numerous maltreatment from Verizon involving harassment and discrimination violating my Civil Rights under Title 7 of the Civil Rights Act of 1964 amended because I'm Black. White employees in my workgroup are treated different than myself and FMLA is granted for white employees in my work group and several white employees have exhausted their FMLA time by using it all up for their medical needs for themselves and their family members as allowed under law.

While being severely ill, with a permanent injury, that I received on the job, my Supervisor, Renard Flournoy, demanded that I return to work and then reported adversely that I returned to work on my own initiative effecting my Short Term Disability and my Long Term Disability. Supervisor Renard Flournoy threatened to fire me while on disability to end my benefits in a direct violation of ERISA (Employees Retirement Income Security Act) and the Americans with Disabilities Act. I'm asking the court before the jury trial that Honorable Judge Henry H. Kennedy Order Verizon to pay me the retroactive Disability Payments in the amount of $37,000 (thirty-seven thousand dollars), Order my Disability Pension in the monthly amount of $1,700 (seventeen hundred dollars), and for relief in the amount of $300,000 (three-hundred thousand dollars).

Upon getting a Lawyer my offers are revoked and all communication will be through my Lawyer. I Oppose any Summary Judgment in this case and I Oppose any Motion to Dismiss my amended complaint and request my Order of Disability Pension, Disability retroactive Payments, and relief be Ordered by the Court. If the Court grants the Defendant's Motion to Dismiss, I request leave to file an amended complaint.

## DEFENDANT'S BRIEF STATEMENT OF THE CASE

Verizon has filed a motion to dismiss all of Plaintiff's claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In her Amended Complaint, Plaintiff appears to be asserting claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C § 1001 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1), *et seq.* As to Plaintiff's ERISA claim, Verizon contends that the allegations do not show that Plaintiff exhausted her administrative remedies pursuant to Verizon's pension and benefits plans as required. Verizon argues that Plaintiff's ADA claim also fails as a matter of law because the Amended Complaint does not show that Plaintiff is a "qualified individual with a disability" for purposes of sustaining this cause of action. In addition, Verizon contends that Plaintiff's FMLA claim fails because Plaintiff complains that her FMLA leave was "cancelled" at some point in time after it had been approved, but does not allege facts suggesting that Verizon took any action to "interfere with, restrain, or deny" Plaintiff's exercise of her FMLA rights. Finally, Verizon argues that Plaintiff's disparate treatment claim under Title VII fails because the allegations in the Amended Complaint do not show that Plaintiff was treated less favorably than similarly situated employees because of her race.

## JOINT MEET AND CONFER STATEMENT

(1)    **Dispositive Motions**

    A.    **Plaintiff's position**

Plaintiff requests that this case proceed according to the Track Three (Complex) tracking schedule, unless the Court signs Plaintiff's Order for Disability Payments, Disability Pension, and relief.

    B.    **Defendant's position**

Defendant filed a Motion to Dismiss the Amended Complaint in its entirety on December 21, 2006. Accordingly, Defendant recommends that discovery in this matter be stayed until the Court issues a decision on Defendant's motion.

(2)    **Joinder of Parties and Amendment of Pleadings**

The parties agree to propose a deadline of April 23, 2007 for joinder of any additional parties and/or any amendment of the pleadings. At this time, it is too early in the proceedings for the parties to determine whether some or all of the factual or legal issues in this matter can be agreed upon or narrowed, but the parties agree to revisit this question at a later date.

(3)    **Assignment to a Magistrate Judge**

The parties do not assent to assignment of the matter to a Magistrate Judge for trial, but the parties do agree to consider whether referral to a Magistrate Judge may be appropriate only for purposes of engaging in mediation.

(4)    **Possibility of Settlement**

    A.    **Plaintiff's position**

Plaintiff requests the Court to Grant her Order for retroactive Disability Payments, Disability Pension, and relief. Plaintiff Opposes any Order granting Defendant's Motion to Dismiss. And also, settlement is a possibility.

B.    **Defendant's position**

Settlement appears to be unlikely at this time, but Defendant agrees to revisit the prospects for settlement after the Court has ruled on Defendant's pending Motion to Dismiss (see item 5 below).

(5)    **Alternative Dispute Resolution**

A.    **Plaintiff's position**

Plaintiff agrees to ADR, including Mediation, to begin before judicial resolution. The goal would be to reach a settlement.

B.    **Defendant's position**

This case may benefit from ADR procedures. Defendant agrees to propose referral to mediation with a Magistrate Judge if necessary after the Court has ruled on Defendant's pending Motion to Dismiss.

(6)    **Dates for Briefing Any Dispositive Motions**

A.    **Plaintiff's position**

Plaintiff believes that this case should not be resolved by Summary Judgment. Plaintiff is in Opposition to Summary Judgment and is also in Opposition to any Motion to Dismiss the case. Plaintiff retains the right to reply to any of Defendant's pleadings, motions, or filings in this Court at any time. Plaintiff does not agree with Defendant's position on this matter.

B.    **Defendant's position**

Defendant filed a Motion to Dismiss the Amended Complaint in its entirety on December 21, 2006. Defendant proposes that the Court direct any summary judgment motions to be filed within 60 days after the close of discovery; that the Court direct any oppositions to be filed within 30 days after the filing of any summary judgment motions; and that the Court direct any replies to be filed within 20 days after the filing of any opposition.

(7)     **Initial Disclosures**

The parties agree to abide by the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1), and to exchange their initial disclosures on February 19, 2007.

(8)     **Discovery**

   A.     **Plaintiff's position**

Plaintiff is asking the Court to Grant her Order for her Disability Pension, Disability retroactive Payment, and relief in the amount of $300,000. Or discovery will take approximately six months, with ten depositions for each side.

   B.     **Defendant's position**

Defendant proposes a period of six months for completion of discovery, to commence if necessary upon the Court's issuance of its decision on Defendant's Motion to Dismiss. Defendant further proposes that the number of depositions to be taken by each side be limited to four depositions per party.

(9)     **Expert Witness Reports and Fed.R.Civ.P. 26(a)(2)**

   A.     **Plaintiff's position**

Plaintiff believes that the requirement of the exchange of Expert Witness information should be pursuant to Rule 26(a)(2) and according to the Track Three (Complex) tracking schedule.

   B.     **Defendant's position**

Defendant proposes that the parties furnish any "proponent's" Rule 26(a)(2) reports four months after the Court's issuance of its decision on Defendant's Motion to Dismiss; that the parties furnish any "opponent's" reports five months after the Court's issuance of its decision on Defendant's Motion to Dismiss; and that the parties take any depositions of expert witnesses six months after the Court's issuance of its decision on Defendant's Motion to

Dismiss (*i.e.*, by the conclusion of the discovery period).

(10)   **Class Action Status**

This case is not a class action lawsuit at this time.

(11)   **Bifurcation or Management in Phases**

The parties do not believe bifurcation or management of the case in phases is necessary at this time.

(12)   **The Date for Pretrial Conference**

A.   **Plaintiff's position**

Plaintiff proposes that the Court schedule a pretrial conference at the discretion of the Court.

B.   **Defendant's position**

Defendant proposes that the Court schedule a pretrial conference as necessary within 60 days of decision on any dispositive motion; or, if no dispositive motion is filed, within 60 days of the date dispositive motions are due.

(13)   **Trial Date at Scheduling Conference**

A.   **Plaintiff's position**

Plaintiff believes that the trial date should be set at the first scheduling conference.

B.   **Defendant's position**

Defendant requests that the Court postpone scheduling a trial date until after the completion of discovery.

(14)   **Other Matters**

The parties do not believe that it is necessary to address any other matters at this time. However, if any new matters arise, the parties believe it would be appropriate for them to be able to bring those issues before the Court at any time.

\* \* \* \* \* \* \*

Attached is the parties' Proposed Scheduling Order which outlines their proposed deadlines for discovery and other activities set forth above.

_____  
Maxine Wright  
5721 Magnolia Lane  
Falls Church, VA 22041

*Plaintiff*

Date: February 1st, 2007

_____  
Jeffrey G. Huvelle  
DC Bar No. 227769  
Reenah L. Kim  
DC Bar No. 478611  
COVINGTON & BURLING LLP  
1201 Pennsylvania Avenue, N.W.  
Washington, D.C. 20004  
Telephone: (202) 662-6000  
Fax: (202) 662-6291

*Counsel for Defendant Verizon*

Date: February 1, 2007

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

MAXINE WRIGHT

               Plaintiff,

v.

VERIZON COMMUNICATIONS INC.

               Defendant.

Civil Action No. 1:06-cv-01819- HHK

## PROPOSED SCHEDULING ORDER

|  | Plaintiff's position | Defendant's position |
|---|---|---|
| Exchange of initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) | February 19, 2007 ||
| Joinder of any additional parties and/or any amendment of the pleadings | April 23, 2007 ||
| Exchange witness lists | 1 week before pretrial conference ||
| Deadline for post R.26(a) discovery requests | September 15, 2007 | 4 months after the Court's ruling on Defendant's Motion to Dismiss |
| Proponent's R. 26(a)(2) statements | September 15, 2007 | 4 months after the Court's ruling on Defendant's Motion to Dismiss |
| Opponent's R. 26(a)(2) statements | September 15, 2007 | 5 months after the Court's ruling on Defendant's Motion to Dismiss |
| All discovery closed | November 15, 2007 | 6 months after the Court's ruling on Defendant's Motion to Dismiss |
| Deadline for filing of summary judgment motions | 60 days after the close of discovery ||
| Deadline for filing oppositions to summary judgment motions | 30 days later | 30 days from the filing of any summary judgment motion |

1

| Deadline for filing replies to summary judgment motions | 2 weeks | 20 days from the filing of any oppositions to summary judgment motions |
|---|---|---|
| Pretrial conference | At the Court's discretion | Within 60 days of decision on any dispositive motion; or, if no dispositive motion is filed, within 60 days of the date dispositive motions are due |

*(signature)*
Maxine Wright
5721 Magnolia Lane
Falls Church, VA 22041

*Plaintiff*

Date: *February 1st 2007*

*(signature)*
Jeffrey G. Huvelle
DC Bar No. 227769
Reenah L. Kim
DC Bar No. 478611
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
Fax: (202) 662-6291

*Counsel for Defendant Verizon*

Date: *February 1, 2007*

2