UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAXINE WRIGHT,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**VERIZON COMMUNICATIONS INC.,**<br><br>    **Defendant.** | Civil Action 06-01819 (HHK) |

### ORDER OF APPOINTMENT OF COUNSEL FOR THE LIMITED
### PURPOSE OF MEDIATION AND DELAYED REFERRAL TO MEDIATION

  The court has determined that counsel should be appointed from the Court's Civil Pro Bono Panel for the limited purpose of assisting in the resolution of this case through mediation. Accordingly, it is this 7th day of May, 2007, hereby

  **ORDERED** that the Clerk of the Court appoint counsel for the plaintiff from the Civil Pro Bono Panel for the purpose of mediation in the above-captioned matter; and it is further

  **ORDERED** that the appointment shall be subject to the provisions of the "Guidelines for Court-Appointed Mediation Counsel," which is attached to and is hereby incorporated by reference in this order; and it is further

  **ORDERED** that mediation shall commence once counsel has entered an appearance on behalf of plaintiff. The process shall be completed forty-five (45) days thereafter; and it is further

**ORDERED** that the Clerk of the Court shall promptly furnish a copy of this order to the Circuit Executive who shall designate a mediator.  Counsel and the parties, including person with settlement authority, shall attend each mediation session.

**SO ORDERED.**

Henry H. Kennedy, Jr.<br>United States District Judge

**GUIDELINES FOR COURT-APPOINTED MEDIATION COUNSEL**
**IN FEE-PAID <u>PRO SE</u> CASES**

Please observe these guidelines when serving as court-appointed mediation counsel.

1. The party whom you have been appointed to represent has filed an action *pro se*. <u>You have been appointed for the limited purpose of representing the *pro se* party during the process of mediation</u>.

2. As appointed mediation counsel, you are under no duty to engage in discovery or motions practice. If, however, you find that the opposing party has not completed outstanding discovery to your client, and such discovery is necessary to proceed with mediation, you may advise the mediator of this fact and schedule the mediation session after the completion of such discovery.

3. Note that the order referring this case to mediation has already been entered. You should promptly meet with your client to discuss her/his goals and interests. A court-appointed mediator will contact you and counsel for the opposing party to schedule the exact time and place of the mediation session(s).

4. You should assist your client in deciding whether and on what terms to settle the case and assist the client in drafting and reviewing any necessary agreements and related court papers. The mediator will notify the court's ADR staff of the outcome of mediation.

5. In the event that the mediation is not successful in resolving the case, your appointment will expire unless, at your option and with the agreement of the *pro se* party, you decide to enter your appearance as counsel of record and proceed further.

6. Local Civil Rule 83.11(b)(9) provides for attorneys fees under certain circumstances, if agreed upon by counsel and client. Any such agreement must be in writing. Any arrangement agreed to by the parties must be approved by the court.