UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXINE WRIGHT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON COMMUNICATIONS INC.,<br><br>　　　　　Defendant. | Civil Action 06-01819 (HHK) |

### ORDER

　　Plaintiff Maxine Wright, proceeding pro se, brings this action against her former employer, Verizon Communications, Inc., which appears to assert numerous claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1), *et seq.*  Before the court is Verizon's motion to dismiss the amended complaint [#25] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the motion, the opposition thereto, and the record in this case, the court concludes that the motion to dismiss must be denied.

　　Ordinarily, allegations of a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n. 2 (D.C. Cir. 2000) (internal quotation marks omitted).  Moreover, under the federal notice

pleading standards, a plaintiff is not ordinarily required to "set forth the elements of a prima facie case at the initial pleading stage," *id.* at 1113, and a complaint "need not plead law or match facts to every element of a legal theory," *id.* at 1115 (internal quotation marks omitted). When asserting a claim for race discrimination, for example, a plaintiff need only state, "I was turned down for a job because of my race" to survive a motion to dismiss under Rule 12(b)(6). *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (cited with approval by *Sparrow*, 216 F.3d at 1115). Wright appears to have cleared this low threshold with regard to several of her claims: she asserts that she was adversely treated by her employer because of her race and disability and that she was discriminated against in the exercise of her rights under the ADA and the FMLA. Thus Wright has adequately stated a claim for relief under Title VII, the ADA, and the FMLA, and the motion to dismiss with regard to those claims must be denied.

With regard to her claims under ERISA, the court will also deny the motion to dismiss without prejudice to renewal.[1]

Accordingly, it is this 10th day of August, 2007, hereby

**ORDERED** that Verizon's motion to dismiss [#25] is **DENIED**.

> Henry H. Kennedy, Jr.
> United States District Judge

---

[1] The court is endeavoring to appoint counsel for Wright who may be able to better articulate her grievances in a future submission.