UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXINE WRIGHT<br><br>                Plaintiff,<br><br>   v.<br><br>VERIZON COMMUNICATIONS INC.<br><br>                Defendant. | Civil Action No. 1:06-cv-01819- HHK |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Verizon Communications Inc., in answer to Plaintiff's Amended Complaint (dkt. 21) and Plaintiff's Civil Statements (dkts. 33, 41), states as follows[1]:

**AS TO AMENDED COMPLAINT (DKT. 21)**

**ALLEGATION: Verizon has instructed me to ask the Court for an Order for Disability Payments + Disability Pension to be paid to me. Because Verizon says they are unable to change the information my supervisor gave MetLife stating I returned to work on my own initiative August 3, 2005.[2]**

    **ANSWER**: Defendant denies Plaintiff's allegations.

**ALLEGATION: MetLife says they cannot change the information because they verified I came to work on my own initiative through my supervisor Renard Flournoy + Renard's supervisor Randy Hutchinson and through the Legal Department of Verizon.**

    **ANSWER**: Defendant admits that Renard Flournoy was Plaintiff's supervisor during some or all of the period at issue in this litigation. Defendant is otherwise without sufficient

---

[1] Plaintiff, through her mediation counsel, maintains that her operative "Complaint" consists of three documents: her Amended Complaint (dkt. 21); a "Civil Statement" filed on January 26, 2007 (dkt. 33); and a second "Civil Statement" filed on March 27, 2007 (dkt. 41). Defendant does not agree with the incorporation of the two Civil Statements into Plaintiff's Amended Complaint. However, Defendant answers the allegations in all three documents to foreclose any assertion of waiver or default.

[2] Plaintiff's Amended Complaint and Civil Statements do not include paragraph numbers for her allegations. For the convenience of the Court, Defendant restates each allegation in full.

information to answer Plaintiff's remaining allegations, which relate to actions allegedly performed by MetLife; however, to the extent that an answer to Plaintiff's remaining allegations is required, Defendant denies Plaintiff's allegations

**ALLEGATION:  The MetLife transcript will prove I was ordered to work and the Medical Certification I was under then and now is still binding.  I'm still totally disabled.**

>   **ANSWER**:  Defendant denies Plaintiff's allegations.

**ALLEGATION:  When Verizon's attorneys instructed my supervisor to order me to work anyway, and if I didn't show up, fire me and if I leave sick, for me it also became an ERISA violation.**

>   **ANSWER**:  Plaintiff's allegations state a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies Plaintiff's allegations.

**ALLEGATION:  It violated my Civil Rights because I'm black.  Civil Rights Act Title 7.**

>   **ANSWER**:  Plaintiff's allegations state a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies Plaintiff's allegations.

**ALLEGATION:  It violated my Human Rights because I'm handicapped.**

>   **ANSWER**:  Plaintiff's allegations purport to state a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies Plaintiff's allegations.

**ALLEGATION:  It violated my doctor's medical orders.  Americans with Disabilities Act of 1990.**

>   **ANSWER**:  Defendant denies the first sentence of Plaintiff's allegations.  The second sentence of Plaintiff's allegations purports to state a legal conclusion to which no answer is required; however, to the extent that an answer to the second sentence is required, Defendant denies Plaintiff's allegations.

**ALLEGATION:  Also violated my rights under DC Workers Compensation Comm.  In June Verizon Compliance was instructed no other doctor in the case can be used except Dr. Hampton Jackson.  Four doctors already verified my Disability.**

**ANSWER**: The first sentence of Plaintiff's allegations states a legal conclusion to which no answer is required; however, to the extent that an answer to the first sentence is required, Defendant denies Plaintiff's allegations. Defendant otherwise denies Plaintiff's allegations.

**ALLEGATION: I'm asking for damages in the amount of $300,000.**

**ANSWER**: Defendant denies Plaintiff's allegations, and specifically denies that Plaintiff is entitled to any form of relief.

**ALLEGATION: I'm asking an order be given to immediately start my monthly Disability Pension of $1700 + Benefits.**

**ANSWER**: Defendant denies Plaintiff's allegations, and specifically denies that Plaintiff is entitled to a Disability Pension or any other form of relief.

**ALLEGATION: I'm asking retroactive pay in Disability Payments of $37,000.**

**ANSWER**: Defendant denies Plaintiff's allegations, and specifically denies that Plaintiff is entitled to retroactive pay, Disability Payments, or any other form of relief.

**ALLEGATION: My case has been pending with Verizon for Disability Pension for a year and a half. My hardship is worsening and my disability is worsening. The MetLife transcript will also show they were told to pay me.**

**ANSWER**: Defendant denies the first and third sentences of Plaintiff's allegations. Defendant is without sufficient information to admit or deny the second sentence of Plaintiff's allegations; however, to the extent that an answer to the second sentence is required, Defendant denies Plaintiff's allegations. Answering further, Defendant states that Plaintiff has never filed a written claim for a Disability Pension.

**ALLEGATION: Instead of paying me[,] my Supervisor + Verizon decided to fire me before the formal hearing. Verizon didn't show up to the informal hearing.**

**ANSWER**: Defendant denies Plaintiff's allegations.

**ALLEGATION: I am entitled to my Disability Pension because of my years on the job and my disability. All leave is to be reinstated.**

**ANSWER**:  Defendant denies Plaintiff's allegations.  Answering further, Defendant states that Plaintiff has never filed a written claim for a Disability Pension.

### AS TO CIVIL STATEMENT (DKT. 33)

**ALLEGATION:  I am asking this Court to maintain my memorandum opposing any past, present or future summary judgments on the grounds that I have in good faith over-extended myself and exhausted every process in Verizon Benefit Plan Claims and appeals department.  ERISA has ignored my claim.  I ask the Court to allow me to exercise my legal right to have my claim heard in federal court.  I have my right to suit attached.**

**ANSWER**:  Defendant denies Plaintiff's allegations.  Answering further, Defendant states that Plaintiff has never filed a written claim for a Disability Pension.  Answering further, Defendant states that the Equal Employment Opportunity Commission Dismissal and Notice of Rights attached to Plaintiff's Civil Statement addresses only her Title VII and Americans with Disabilities Act claims, and does not provide Plaintiff with a legal right to sue under ERISA prior to the exhaustion of her administrative remedies.

**ALLEGATION:  My Order for Disability Pension Disability Retroactive Payments from November 2005 continuing to present also relief for $300,000 three hundred thousand dollars should be granted.  The following violations interfered with receiving my Disability Pension when requested 14 months ago.**

**ANSWER**:  Defendant denies Plaintiff's allegations, and specifically denies that Plaintiff is entitled to a Disability Pension or any other form of relief.

**ALLEGATION:  Verizon is in clear violation of DC Code § 32:502 of the Family Medical Leave Act, FMLA, while I was certified medically disabled.  My supervisor Renard Flournoy interfered with me taking my leave by harassing me and threatening to fire me while out injured from an on the job injury.**

**ANSWER**:  The first sentence of Plaintiff's allegations states a legal conclusion to which no answer is required; however, to the extent that an answer to the first sentence is required, Defendant denies Plaintiff's allegations.  Defendant otherwise denies Plaintiff's allegations.

4

**ALLEGATION: Then Renard Flournoy notified the company I returned to work well on my own initiative.  This conversation Renard Flournoy also repeated to MetLife and I have submitted (on file) the MetLife transcript as evidence I filed a complaint with no avail to ERISA who refused to comply with my rights under ERISA Code [§] 502(a)(1)(B).  Verizon refused to comply and even retaliated against me because of my handicapped and physical limitations 42 U.S.C. [§§] 12102(2) and 12111(8)(9)(10)(A) of the Americans with Disabilities Act.  I could not receive equal treatment from Verizon because of my race black.  There were numerous unlawful employment practices differing from white employees in my work group, violating my rights under Title 7 Civil Rights Acts of 1964 amended.  Verizon refused to comply with any binding contract that Verizon has with me including my right to union representation.**

  **ANSWER**:  Defendant denies Plaintiff's allegations.

**ALLEGATION:  By Verizon's refusal to acknowledge my claim in full I ask the Court to grant my attached Order.**

  **ANSWER**:  Defendant denies Plaintiff's allegations, and specifically denies that Plaintiff

is entitled to the relief sought by her proposed Order or any other form of relief.

**ALLEGATION:  Violating my rights effected [sic] my Short Term Disability, my Long Term Disability, and my Pension.  I [am] asking the Court to grant my Order also because I have a permanent physical impairment, which limits my major life activities.**

  **ANSWER**: Defendant denies Plaintiff's allegations.

**ALLEGATION:  I am opposed to all and any motions to Dismiss my Amended Complaint and I'm in Opposition to Summary Judgments.**

  **ANSWER**:  Plaintiff does not state any factual allegation to which an answer is required.

However, to the extent that an answer is required, Defendant denies Plaintiff's allegations.

<u>**AS TO CIVIL STATEMENT (DKT. 41)**</u>

**ALLEGATION:  My on the job accident happened March 1st 2005.  I did receive Accident Disability benefits reduced by Workers Compensation [un]til August 3, 2005 when my supervisor falsely advised MetLife I returned to work on my own as the transcript shows.  MetLife also was notified I was terminated August 28th, 2005.  Also false.   My supervisor Renard Flournoy was issuing false statements to Verizon to try to suspend me because of my permanent injury.  He stated to MetLife he was instructed by the Verizon attorneys if I didn't work or left work ill.**

**ANSWER**: Defendant admits the first sentence of Plaintiff's allegations to the extent that Plaintiff alleges that she injured herself on March 1, 2005; Defendant otherwise denies the first sentence of Plaintiff's allegations, including, without limitation, the allegation that Plaintiff's injury occurred on the job. Defendant admits the second sentence of Plaintiff's allegations to the extent that Plaintiff alleges that she received Short Term Disability payments between March 12, 2005 and August 29, 2005; Defendant otherwise denies the second sentence of Plaintiff's allegations. Defendant otherwise denies Plaintiff's allegations.

Defendant denies all allegations, express or implied, in Plaintiff's Amended Complaint or Civil Statements that Defendant has not specifically admitted.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff fails to state any claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff lacks standing to bring her claims.

### THIRD DEFENSE

Plaintiff's ERISA claims are barred by her failure to exhaust her administrative remedies under Defendants' ERISA benefit plans

### FOURTH DEFENSE

Plaintiff's claims are time-barred, in whole or in part, by the applicable statutes of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the defense of release and the doctrines of accord and satisfaction, waiver, or estoppel.

    Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its Answer to assert any such defense.

September 7, 2007                                                      Respectfully submitted,


                                                        /s/ Frederick G. Sandstrom
Frederick G. Sandstrom (#495069)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC  20004
Tel: (202) 662-6000
Fax: (202) 778-5499

## **CERTIFICATE OF SERVICE**

      I certify that on September 7, 2007, I served true and correct copies of the foregoing Answer to Plaintiff's Amended Complaint on the following individuals:

Ms. Maxine Wright
5721 Magnolia Lane
Falls Church, VA  22041
*Plaintiff (pro se)*
*By Certified Mail*

Anne Gbenjo, Esq.
The Gbenjo Law Group
8449 W. Bellfort Ave., Suite 100
Houston, TX  77071
*Plaintiff's Mediation Counsel*
*By Federal Express*

                                        /s/ Frederick G. Sandstrom